STINSON, *Appellee, versus* STINSON, *Appellant.*

If the owner of land execute a lease of it for a series of years, and die, the accruing rents, *after* his death, descend to his *heirs.*

APPEAL from a decree of the Judge of Probate, allowing the appellee, as the widow of one James Stinson, $2300, from his personal estate.

The facts in the case were agreed.

James Stinson, being the owner of certain real estate, on Jan. 21, 1853, leased a portion of it, under seal, for the term of ten years, the rent thereof to be $3200, payable yearly, in payments of $320, the first payment to be made Aug. 1, 1853.

In March of that year the lessor died. His personal estate, as inventoried, was valued at $3105. Among these items was the above lease, appraised at $2048.

The appellee is the administratrix, and the appellant one of the *heirs* of said James Stinson.

If the lease and income thereon is rightfully inventoried as part of the personal estate, the decree is to be affirmed; otherwise the allowance of the widow is to be reduced to the amount of the personal estate, after deducting the appraisal of this lease.

*Ingersoll,* for the appellant.

By the common law, the rents not due at the time of the decease descended to the heirs. 1 Saund. 238; 3 Cruise's Dig. 296; Coke on Lit. 47, (a.)

The law is the same in New York. 3 Kent's Com. (5th ed.) 464, and cases there cited. The same doctrine prevails in Massachusetts under a statute similar to ours. *Gibson* v. *Farley,* 16 Mass. 279; *Jennison* v. *Hapgood,* 14 Pick. 345.

Our own State has also recognized the same doctrine in *Heald* v. *Heald,* 5 Greenl. 387.

Our statutes on this subject are in affirmance of the common law.

The widow has her right of dower in this estate, and one-third of the income, and this is her only right in the premises.

*Kent,* for the appellee.

APPLETON, J. — It appears in this case that James Stinson, on January 21, 1853, leased to John W. Veazie, the shore of his farm for the term of ten years at an annual rent of three hundred and twenty dollars, payable on the first 'day of August of each year; that he deceased the March following the date of the lease; that the appellee, his widow, was duly appointed administratrix; that the lease and the income therefrom was inventoried as personal property, and as such formed a part of the allowance made to the widow.

The question presented for determination is, whether or not the forthcoming rents belong to the heir or the administratrix.

The appellant, who is the heir at law of James Stinson, is entitled to the estate out of which the rent issues. But being entitled to the land, the right to the rent follows. " The right of rent service is real property, and descendable to the person entitled to the reversion of the land out of which it issues." 3 Cruise, 282. " If A seized in fee grant an estate tail, or a lease for life or years, reserving rent, such rent as accrues after his death being incident to the reversion, shall go to the heir, and not to his executors although they are named in the covenant." Toller on Executors, 176. The administrator or executor is entitled to rents accruing before the demise of the lessor, but cannot distrain for the same. *Prescott* v. *Boucher,* 3 B. & A. 839. " Rents accruing after the decease," says PUTNAM, J., in *Gibson* v. *Farley,* 16 Mass. 286, " cannot be said to be the goods, chattels, rights or credits of the deceased. They are incident to the reversion." The doctrine of *Gibson* v. *Farley,* was affirmed in this State. " If," says MELLEN, C. J., in *Heald* v. *Heald,* 5 Greenl. 387, " the estate is sol-

vent, they, (the heirs,) are entitled to the estate itself and its income; if insolvent, the creditors are only entitled to the estate of which the intestate died seized, and not to the rents and profits after his death, for those belong to his heirs." The effect of the decree below would be to convert the forthcoming rents of real estate into personal property and transfer them from the heir at law, to whom they descend, to the administratrix, to whom they do not belong, and who, if she had collected, would be held to account for them to the heir. According to the entire weight of authority, the rents belong to the heir, and should not have been included in the inventory.

The decree of the Judge of Probate, from which an appeal was taken, is reversed, and it is ordered and decreed that ten hundred and fifty-seven dollars be allowed the widow, and that the cause be remanded to the Probate Court.

. SHEPLEY, C. J., and TENNEY, HOWARD and HATHAWAY, J. J., concurred.