B. F. SHOUSE, ADMINISTRATOR OF L. A. BURRUSS, DE-
CEASED, Defendant in Error, v. W. W. KRUSOR,
ADMINISTRATOR OF E. S. BURRUSS, DE-
CEASED, Plaintiff in Error.

### Kansas City Court of Appeals, January 10, 1887.

1. CONTRACT—LESSOR AND LESSEE—RENT PAYABLE OTHERWISE THAN
IN MONEY—CASE ADJUDGED.—Where an arrangement was made
between parties having a common interest in land, whereby the
whole possession should be had and controlled by one, in considera-
tion of furnishing a home and provision for the other, for an agreed
period ; this was a special contract, under which the rent was to be
paid in a particular manner.  So long as the lessee complied with
the terms, by providing a home for the lessor, 'no money judgment
could be rendered against him.

2. —— HEIR AND REPRESENTATIVE AS TO RENTS.—The unaccrued
payment of rent on land after the death of the owner, or lessor,
goes to the heir, and not to the administrator.  As the realty de-
scends to the heir, the accruing rents, as the fruits of the inheri-
tance, must follow the principal estate, except where provided
otherwise by statute.

ERROR to Platte Circuit Court, HON. GEORGE W.
DUNN, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion.

JAMES GIBSON and J. W. COBURN, for the plaintiff
in error.

I.   There is no evidence that defendant in error is
the administrator of L. A. Burruss, or was such when
suit was instituted ; and the motion in arrest should
have been sustained.  The *affidavit* to the demand is
against the estate of *L. A.*, and not that of *E. S.* Bur-
russ.   Sect. 195. Rev. Stat.

II.   The contract was an entire one—the rent was to be paid in board—and the court could not make a different contract.   The rent was paid in board, up to Mrs. Burruss' death, and there could be no judgment for it.

III.   Leases of decedents' lands are only to be made for payment of debts ; otherwise the land is to be turned over to the heirs.   Sect. 130, Rev. Stat.   Hence, instructions asked by defendant should have been given. No lease, in fact, was ever made.

IV.   The administrator cannot sue for rents accruing after the death of owner or lessor—such rent belongs to the heirs.   Sect. 3070, Rev. Stat. ; Kelley's Prob. Guide (2 Ed.) 190, 205 ; *Dix v. Morris*, 66 Mo. 514 ; *Gamble v. Gibson*, 59 Mo. 594 ; *Hankins v. Kimball*, 57 Ind. 42 ; *Haslage v. Krugh*, 25 Pa. St. 97 ; *Stinson v. Stinson*, 38 Me. 593.   Hence, instructions asked by defendant, on this theory, should have been given.

No brief for defendant in error.

PHILIPS, P. J.—This case arose out of the following state of facts : Mrs. L. A. Burruss was the owner of an undivided one-fifth interest in a farm in Platte county. Her son, E. S. Burruss, owned an undivided interest therein, of two-fifths.   In the early part of 1883 these parties entered into an arrangement by which Mrs. Burruss let her said son have possession of her one-fifth interest in said farm, and also some money belonging to her, in consideration that he would furnish her a home at his house, take care of and provide for her.   The lease began on the first day of March, 1883.   She accordingly went to her son's house, and so continued to live with him until in the month of January, 1884, when she went on a visit to her daughter, where she sickened and died on the ninth day of April, 1884.   From the testimony of witness it would appear as if they regulated the lease arrangement as a letting from year to year. At all events, the son continued to hold the land up to

the time of his mother's death, and until he died, in the following fall.

In 1885 the plaintiff, claiming to be the administrator of the estate of Mrs. Burruss, presented a claim in the probate court against the defendant, as administrator of the estate of said E. S. Burruss, for one hundred dollars, on account of the rent of one-fifth interest of Mrs. Burruss, for the current year of 1884. The probate court allowed this claim. From this judgment the defendant appealed to the circuit court, where, on a trial ·de novo, judgment was again rendered against the defendant administrator for the sum of one hundred dollars. To reverse this judgment this writ of error is prosecuted.

It is somewhat difficult to discover the theory on which the court tried this case. No declarations of law were asked by the plaintiff, and those asked by the defendant were refused. Although some of the witnesses speak of the contract as a renting from year to year, it is the clear meaning of the contract that the arrangement should continue no longer than the natural life of the lessor, as the consideration of the letting was that the lessee should provide her a home. The term ended with her death. And as the rental was paid up to the hour of her death, no rent was due her estate, as such.

It was a special contract, under which the rent was to be paid, in a particular manner. So long as the lessee complied with the terms, by providing a home for the lessor, no money judgment for rent could be taken against him. It was not in the power of Mrs. Burruss, by voluntarily going on a temporary visit to her daughter's, to change the contract, and convert the mode of payment from board to a money demand. It needs no citation of authorities for the proposition that, so long as the lessee was ready and willing to comply with the terms of the contract, in kind, her temporary absence, unenforced by the lessee, would not be regarded as any breach on his part. And, as already stated, the terms of

the contract providing for the payment of the rent in board to the lessor, the rent must be deemed to have been paid up to the day of her death.

It follows that the only claim for any money demand against the lessee's estate must be based on the use and occupation of the premises after the death of the lessor. The question then arises, conceding the liability of the lessee, which is not necessary to be determined here, to whom does such rent belong? Does it belong to the personal representative or the heir of the deceased? No rule of the common law is better settled than that the unaccrued payment of rent on land after the death of the owner, or lessor, goes to the heir, and not to the administrator.

As the realty descends directly to the heir, the accruing rents, as the fruit of the inheritance, must follow the principal estate. *Watson v. Penn*, West. Rep., vol. 6, No. 3, p. 258, and citations; *Boynton. v. Railroad*, 4 Cush. 467; *Halsage v. Krugh*, 25 Pa. St. 97; *Foteaux v. Lepage*, 6 La. 123; *Stinson v. Stinson*, 38 Me. 593.

There is nothing in this record to except this case from the operation of this rule, or to bring it under the provisions of our statute subjecting the rental to liability for debts, or the like. The judgment is utterly without evidence to support it.

The judgment of the circuit court is, therefore, reversed and the cause remanded. All concur.