MARY E. BRENT, Executrix, Etc., Appellant, v. HENRY CHIPLEY, Respondent.

Kansas City Court of Appeals, December 7, 1903, and February 1, 1904.

1. ADMINISTRATION: Renting Real Estate: Statute: Emblements. By section 130, Revised Statutes 1899, the executor may under the order of the probate court take possession of the real estate and rent the same to pay debts, but this will not deprive the devisee or his tenant of his emblements.

2. ————: ————: ————: Possession. The statute requires the executor under such an order to take possession and rent, and he is not authorized to step in and appropriate the contract made by the devisee with the tenant and collect the rents from the tenant.

3. ————: ————: ————: Attornment. When such order is made by the probate court the tenant may with the consent of the devisee attorn to the executor who may then collect the rents; but this case seems to have been tried on another theory.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*John Cosgrove* for appellant.

(1) The order of the probate court was authorized by section 130, R. S. 1899, and its effect was to place plaintiff in control of the real estate of the estate of James H. Porter, deceased, during two years, unless the debts of the estate were sooner paid. (2) The order of the probate court authorized plaintiff to maintain ejectment for the possession of the land. Hall v. Bank, 145 Mo. 418; Bealy v. Blakes, Admr., 70 Mo. App. 234-236; O'Brien v. Ash, 169 Mo. 300; Thorp v. Miller, 137 Mo. 239. (a) If the plaintiff could recover the land it follows that she could recover the rent earned, and which became due ofter the date of the order. (b) Plaintiff under an order of the probate court to lease lands, could maintain an action of unlawful detainer. Lass et al. v. Eisleben, 50 Mo. 122; Eoff v. Tompkins, 66 Mo. 225; Bank v. Field, 156 Mo. 310. (3) Personal property constitutes the primary fund out of which the debts of the estate are to be paid. In the event of a deficiency, however, the real estate must be resorted to, and the heirs and devisees take subject to the contingency of having to pay the debts, if they exist. Lewis v. Carson, 93 Mo. 587; Priest · v. Spier, 96 Mo. 111. (4) Defendant was notified that Gibson was no longer authorized to collect rent and the subsequent payment of the rent to him, if it was ever paid, did not release defendant from liability to pay plaintiff the rent for the year 1902. Upton et al. v. Jameson, 67 Mo. 234; State ex rel. Walker v. Walker, 88 Mo. 279; Mechem on Agency, sec. 229.

*Sam C. Major* and *W. W. Kingsbury* for respondent.

(1) Defendant was a resident of the residuary legatees. An attornment by him to plaintiff would have been void unless made: (a) With the consent of the landlord. (b) Pursuant to or in consequence of a judgment at law, or decree in equity, etc. (2) There is no allegation or proof that the residuary legatees ever consented to an attornment by defendant to plaintiff. (3) The order of the probate court was neither a judgment at law nor a decree in equity. R. S. 1899, sec. 768; R. S. 1899, sec. 766; State ex rel. v. Klein, 140 Mo. 502. Even if defendant had promised to pay the rent to plaintiff—which the court found he did not—such attempted attornment would have been void, and defendant could not be bound thereby. Plaintiff's suit was brought under sections 4130 and 4131, R. S. 1899. To authorize a proceeding under these sections, there must exist the relation of landlord and tenant. The parties to the suit must have been the parties to the contract or their privies. R. S. 1899, sec. 4130; Logan v. Byers, 76 Mo. App. 559; Pierce v. Rollins, 60 Mo. App. 497; 18 Am. and Eng. Ency. Law, p. 436; Winkelmeyer v. Kotzberger, 77 Mo. App. 1. c. 121. Plaintiff's remedy was unlawful detainer. A judgment for the plaintiff in such action would have authorized an attornment to plaintiff, and would have relieved him of any liability to his landlords. R. S. 1899, sec. 4112; R. S. 1899, sec. 3321 et seq. The judgment of the court below was for the defendant. The appellate court will indulge every presumption in favor of the correctness of the findings of the trial court. Wiggens v. Hammond, 1 Mo. 121; Drug Co. v. Self, 77 Mo. App. 284; Baumhoff v. Railway, 171 Mo. 120.

ELLISON, J.—This action was instituted before a justice of the peace under the landlord and tenant

statute (secs. 4130, 4131, Revised Statutes, 1899) to recover the possession of certain real estate situated in Howard county. The judgment on appeal to the circuit court was for the defendant.

It appears that the farm was formerly owned by James H. Porter. That he died and the premises then became the property of his devisees under the terms of his will. That George D. Gibson was acting as agent for the devisees and for several years had rented the premises to the defendant and again rented them to him from March, 1902, to March, 1903, for $150, due January 1, 1903. The personal property left by Porter having proved insufficient to pay his debts, the probate court, under the provisions of section 130, Revised Statutes, 1899, on February 12, 1903, ordered the plaintiff, as executrix, to take charge of and rent the farm whereby she might obtain further assets to use in the discharge of debts of the estate. Plaintiff charges that on March 3rd, following, she notified Gibson and the defendant of the order of the probate court and that Gibson surrendered all claims of agency for the children and that defendant attorned to her by recognizing her and agreeing to pay her the rent money as agreed upon with Gibson, viz.: $150, when it should become due at the end of the year. That afterwards defendant refused to pay said sum, whereupon the plaintiff instituted the present action as stated.

The determination of this case depends upon the construction to be placed on section 130 aforesaid. It reads as follows:

"No administrator or executor, except an executor acting under power conferred by will, or as provided in section 257 of this chapter, shall rent or control the real estate of the deceased, unless the probate court having jurisdiction shall be satisfied that it is necessary to rent said estate for the payment of debts, and make an order of record requiring such administrator or executor to take possession of and rent the same for a pe-

riod not exceeding two years; and upon such order, such executor or administrator may prosecute and maintain any action for the recovery of such real estate in the same manner and with like effect as the testator or intestate might have done in his lifetime."

Without this statute the administrator would have no right to the land, its rents or profits. The land, its possession, rents and profits belong to the heir or devisee and he, of course, may rent or lease it. Hall v. Bank, 145 Mo. 418; Bealey v. Blake's Admr., 70 Mo. App. 234. If he does so, the tenant on account of this statute will hold by an uncertain tenure. His right obtained from the heir is liable to be cut off by the contingency of an order of the probate court for the purposes mentioned in the statute. The statute should not be construed as meaning that the tenant could be disturbed in growing and gathering the crop which he had sown at the time the order of the probate court became effective. It is the policy of the law in the interest of agriculture, to permit the tenant to reap what he sows. The statute reads that the administrator must take possession of the premises and rent them. It does not mean so unreasonable a thing as that the administrator could deprive the tenant of his emblements.

But in this case the plaintiffs are not seeking to disturb the right of this defendant tenant to his emblements; they seek to hold him for the rent he agreed to pay the heir. The statute reads that upon obtaining the order the executor or administrator shall take possession and rent. It is not pretended that the executrix did either. She made no effort to obtain possession neither did she rent it. She therefore failed in that respect to bring herself within the terms of the statute and having failed she has not put herself in position to demand rent of the defendant. She had no right to step in and appropriate a contract made by other parties.

Defendant insists that the case is not one in which there can be an attornment such as is known to the statute and adjudications thereunder. Section 4112, Revised Statutes, 1899; Dausch v. Crane, 109 Mo. 335. But plaintiff contends, and there was evidence tending to support the contention, that whether a technical attornment or not she notified the agent who had the farm in charge for the devisees and who rented it to defendant that she proposed to take immediate charge of the land and to appropriate the rent; that the agent consented, and that she afterwards notified the defendant and that she was entitled to the rent under the order of the probate court and that he consented to pay it to her. In short, it is plaintiff's contention that the devisees and the defendant consented that she take charge of the land as rented and receive the rent therefor. We see no reason why that might not be legally done. But in this case the court from the declarations of law given, must have found the fact to be that the agent and the defendant did not so understand it.

Our conclusion is, that there is no way in which we can justify ourselves in overturning the judgment and it is accordingly affirmed. All concur.