CLEVELAND CO-OPERATIVE STOVE COMPANY,
Appellant, v. BALDWIN et al., Respondent.

St. Louis Court of Appeals, January 8, 1907.

1. **PRACTICE: Bill of Exceptions: Time for Filing.** Where an appeal was allowed and at the same term an order entered granting time to file a bill of exceptions, and within the time to which the extension was made a written stipulation, signed by the attorneys of both parties was filed in the clerk's ofice, extending the time to a subsequent date, the bill of exceptions filed within the time included in the latter extension was filed in time.

2. **EXECUTORS AND ADMINISTRATORS: Rents: Royalties on Mining Land.** Royalties paid by lessees of mining lands left by one deceased, upon minerals taken from the land are rents and belong to the heirs and not to the administrator. Where there was no order of the probate court authorizing the administrator to lease such lands, the probate court could not require the administrator to account for and inventory them as assets of the estate.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper*, Judge.

AFFIRMED.

*McNatt & McNatt* for appellant.

(1) It is the duty of the circuit court, on appeal from the probate court, to try the cause, *de novo*, and to render such judgment as should be rendered under the evidence. R. S. 1899, sec. 285; Ferry v. McGowan, 68 Mo. App. 612. When it is made to appear, to the probate court, that there is an insufficient amount of personal property, to satisfy the indebtedness of the estate, then the probate court has the power to make such orders affecting the real estate of the decedent, as would best subserve the interest of the creditors; can make order for administrator to lease; collect the rent; take

possession of the land to the exclusion of the heirs. R. S. 1899, sec. 130. (2) It is admitted by the administrator; that he had by agreement with the appellant, procured the consent of the heirs to collect the rents of the land and hold the same for the payment of the debts of the insolvent estate, and he is therefore bound to account to the probate court for these collections. Gamble v. Gibson, 59 Mo. 294; Lewis v. Carson, 93 Mo. 592; McPike v. McPike, 111 Mo. 228; Lyons v. Lyons, 101 Mo. 496.

*H. Brumback* and *Edward J. White* for respondent.

The royalties issuing from the leased mines, as a part of the real estate and rents issuing therefrom, went to the heirs and not to the administrator. Anbuckon v. Lory, 23 Mo. App. 99; Shouse v. Krusor, 24 Mo. App. 279; Gamble v. Gibson, 59 Mo. 594; McPike v. McPike, 111 Mo. 216; Brent v. Chipley, 104 Mo. App. 649; Overturf's Admr. v. Dugan, 29 Ohio St. 230. "Minerals in place, or undisturbed in the position where they have been deposited by the agencies of nature, are a part of the land and belong to the owner of the soil." Barringer & Adams on Mining, p. 4. Administrator not entitled to rents accruing after death of intestate. Bealey v. Blake's Admr., 70 Mo. App. 235.

BLAND, P. J.—The proceeding originated in the probate court of Lawrence county, Missouri, by the filing of a petition therein, wherein plaintiff, an Ohio corporation, stated, in substance, that it is a creditor of the estate of W. W. Baldwin, deceased, of which estate Charles H. Baldwin is the Missouri Administrator; that W. W. Baldwin was a resident of the State of Ohio at the time of his death (in the year 1900); that he died intestate and no sufficient assets were found in Ohio to pay the debts which were there probated against his estate. That at the time of his death, W. W. Baldwin

was the owner in fee of an undivided one-half interest in the west half, of the southwest quarter, of the northeast quarter, section 7, township 26, range 25, situated in Lawrence county, Missouri, of the value of fifteen thousand dollars on account of valuable mineral deposits on said land. That plaintiff procured an allowance of a demand, for one thousand and twenty-eight dollars dollars against said estate in the probate court of Lawrence county, and there being no personal assets of the estate, in the State of Missouri, Charles H. Baldwin, the administrator, procured an order of the probate court for the sale of said real estate to pay the debts. That he gave mining leases on said lands prior to obtaining the order of sale, and was receiving large royalties therefrom and for this reason wrongfully delayed the sale of the lands and wrongfully and captiously withheld his consent to an allowance of another demand, which plaintiff had against the estate, for the sum of fourteen hundred and thirty-six dollars and twenty-five cents. That the lands are only valuable for mining purposes and the taking of minerals therefrom by the lessees detracts from its value and is unjust to the creditors. That the royalties received by Charles H. Baldwin are being received by him as the agent of the widow and heirs of W. W. Baldwin, deceased, and amount to about twelve hundred dollars per month and are increasing each month.

The prayer of the petition is, in substance, that defendant Charles H. Baldwin, as administrator be ordered to hold the royalties and account for them to the probate court as assets of the estate; and also that he be required to hold all in his hands, received as royalties and to account for them to the probate court, as administrator, and in the future to collect all royalties and account for them as assets and hold them subject to the order of the probate court, instead of paying them over to the heirs of W. W. Baldwin as he had thereto-

fore been doing. On the hearing the probate court made an order and entered judgment in accordance with the prayer of the petition. Charles H. Baldwin appealed from this order to the circuit court, where on a trial *de novo* to the court without the aid of a jury, judgment was rendered for defendant from which plaintiff appealed to this court.

The petition is really a bill in equity, but as it was treated both in the probate and circuit courts as in the nature of an application for an order on the administrator to account for and inventory assets of the estate, alleged to be in his hands and which he was to thereafter receive, we will disregard the bad pleading of plaintiff, and dispose of the appeal on the theory adopted in both the probate and circuit courts.

1. Respondent contends that the bill of exceptions was filed out of time and for that reason cannot be looked to on the appeal. The motion for new trial was overruled by the circuit court and the appeal was allowed at the November term, 1904, of the Lawrence Circuit Court. At the same term, the court made an order (entered of record) granting appellant time to file bill of exceptions on or before March 13, 1905. On March 8, 1905, appellant and respondent's counsel, by written stipulation filed in the clerk's office, agreed that the time for filing bill of exceptions should be extended to and include the sixth day of July, 1905. The bill was filed on the twenty-second day of June, 1905. Section 3168, R. S. 1889 (sec. 728, R. S. 1899) relating to the time in which a bill of exceptions may be filed, was construed, in the case of State v. Wyatt, 124 Mo. 537, 27 S. W. 1096, to mean that "where the court by its order of record has extended the time for filing the bill of exceptions, counsel by written stipulation may further extend the time," the stipulation to be filed and incorporated in the bill of exceptions and entered into before the expiration of the time allowed by the court. This ruling

is in accord with the discussion of Sherwood, J., on the construction of the statute, in the case of State v. Ryan, 120 Mo. l. c. 108, 22 S. W. 486, 25 S. W. 351. The bill was filed in time.

2. It appears from the evidence that two mines were in operation on the lands described in the petition, one under a lease executed by W. W. Baldwin in his lifetime, the other under a lease executed by Charles H. Baldwin for himself and under a power of attorney from the other heirs of W. W. Baldwin; that before letters of administration were granted respondent, he, as attorney in fact or as agent of the widow and other heirs of W. W. Baldwin, who resided in the State of Ohio, had collected the royalties and, under the impression they were assets of the estate, had, by the consent of the other heirs, transmitted them to the Ohio administrator. During this period, however, the royalties were inconsiderable. In the fall of 1903 McKeon, president of appellant, visited Aurora, Lawrence county, Missouri, and informed respondent that his information was that the royalties belonged to the widow and the heirs and not to the estate, and it was at McKeon's request respondent applied for and procured the order to sell the lands for the payment of debts. Respondent testified that after learning the royalties did not belong to the estate, he afterwards distributed them to the widow and heirs of W. W. Baldwin. At no time did he report the receipt of any royalties to the probate court, or inventory any of them as assets of the estate. There is not a ray of evidence in the record showing, or tending to show, that respondent was negligent in carrying out the order of sale, or that he delayed its execution for the purpose of reaping benefits from the payments of royalties, and the evidence tends to show that the development of the mines by the lessees tended to enhance the value of the lands to a much greater degree than did the taking

121 App—26

out of minerals by the lessees depreciate their value. There is, therefore, but one question in the case, — the only one over which the probate court had any jurisdiction, namely, should the royalties be paid to the heirs and widow of W. W. Baldwin, or should they be inventoried as assets of his estate? There never was an order of the probate court, requiring or authorizing the administrator to lease or rent the lands for the purpose of paying debts or otherwise. In the absence of such an order the rents and profits belong to the heirs. As the lands descended to them, their possession, rents and profits belong to them. Beasley v. Blake's Adm'r, 70 Mo. App. 229; Shouse v. Kruger, 24 Mo. App. 279; Brent v. Chipley, 104 Mo. App. 645, 78 S. W. 270. McPike v. McPike, 111 Mo. 216, 20 S. W. 12.

The finding and judgment is for the right party and is affirmed. All concur.