# IN RE SHEARN'S ESTATE. SAXTON v. DINDORFF.

No. 2184. Decided February 9, 1911 (114 Pac. 131).

1. LANDLORD AND TENANT—COVENANTS AND AGREEMENT TO PAY RENT —COVENANT FOR SUPPORT. Plaintiff's decedent on September 1, 1908, leased a house to defendant for a term of five years at a reserved rental of fifteen hundred dollars, payable in sums of twenty-five dollars per month in advance, with the right of reentry for default in payment of the rent above reserved, the lessee to pay all water rates, plumbing bills, gas, and electric light charges, and the rent reserved and the charges to be a lien on the personal property of the lessee. The lessee agreed to keep the lessor during the life of the lease with "reasonable comforts of life, including room and board," there being no provision for the contingency of the lessor's death. The lessee performed the agreement until the lessor's death during the term, and after his death paid to his executor twenty-five dollars per month as rent. The rental value of the premises was forty-five dollars per month, and the value of board and room twenty dollars per month. *Held*, that the "reasonable comforts of life, including board and room," were not part of the rents and charges reserved, and that the lessee was not liable after the lessor's death for any excess in the rental value over the rent reserved. (Page 496.)

2. LANDLORD AND TENANT—TERMS FOR YEARS — ASSIGNABILITY — COVENANTS FOR SUPPORT. Covenants for support are personal and unassignable without the express consent of the beneficiary; and provisions in a lease by which "the lessee, his heirs, or assigns" agreed to support the lessor, and not to "let or underlet" the premises without the consent of the lessor, are of no effect to change the character of the agreement for support. (Page 496.)

3. LANDLORD AND TENANT — ACTIONS — AGREEMENT TO SUPPORT — AMOUNT OF RECOVERY. Where a lessee refuses or neglects to keep the lessor during the life of the lease in accordance with an agreement contained in the lease in addition to the obligation to pay rent, the lessor may recover the money value of the support which the lessee agreed to furnish. (Page 496.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by George Saxton, executor of George Shearn, deceased, against Frank B. Dindorff.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*C. S. Patterson* for appellant.

*Smith & Price* for respondent.

FRICK, C. J.

This was an action by appellant, as executor of the last will of one George Shearn, deceased, to recover a portion of the rent alleged to be owing by respondent as a tenant of said decedent under the terms of a certain lease, the material parts of which are that on the 17th day of August, 1908, said decedent, as lessor, leased to respondent, as lessee, a certain house known as the "Shearn house . . . from the 1st day of Sept., A. D. 1908, for, and during and until the 1st day of Sept., A. D. 1913, a term of five years." He also agreed to pay "as rental for said premises the sum of fifteen hundred (1500) dollars, payable in sums of twenty-five (25)

dollars per month, monthly in advance." The lessee, at the end of the term, agreed to deliver up possession of said premises in good condition, and further covenanted that "if said rent above reserved or any part thereof shall be unpaid for fifteen days after the same become due, or if default be made in any of the covenants herein contained," the lessor may re-enter and repossess himself of said premises. It is also provided that the lessee will "pay all water rates, plumbing bills, gas and electric light charges," and "that the rent and charges above reserved shall be a first lien on the furniture, fixtures, and personal property of said lessee." Then follows the following provisions which constitute the bone of contention in this case, namely: "It is further agreed and understood that said lessee, his heirs and assigns, shall keep said lessor during the life of this lease, with the reasonable comforts of life, including board and room." The court also found that said George Shearn died on the 21st day of April, 1909, and that up to the time of his death respondent had "furnished him with the comforts of life, including board and room, in accordance with the terms of said agreement," and that, since the death of said decedent, respondent had paid to appellant as excutor the sum of twenty-five dollars per month as rent as the same accrued. The court, upon the request of appellant, also found that the rental value of said premises when the lease was entered into was forty-five dollars per month, and that the value of board and room for one person was twenty dollars per month. At the request of respondent, the court found that for six months preceding the death of the lessor he was in a helpless condition physically, and that the lessee and his wife during that time was required to and did bestow upon the decedent "almost constant attention both day and night." Upon the foregoing findings, the court made his conclusions of law that the appellant was not entitled to receive any sum in excess of the said twenty-five dollars per month as rent for said premises, and entered judgment accordingly. From the conclusions and judgment aforesaid this appeal is prosecuted.

Appellant contends that the court erred in not entering a judgment to the effect that respondent after the death of the lessor should have been required to pay the twenty-five dollars plus the value of the board and room, amounting to twenty dollars per month, as the monthly rent for said premises. In other words, that respondent should be required to pay the sum of forty-five dollars per month as rent. Upon the other hand, respondent contends that he has complied with all the conditions and covenants of the lease, and hence should not be required to do more. The rights of the lessor, as well as the obligations of the lessee must be found in and determined from the contract they entered into. What are those terms? It will be observed that the rent respondent agreed to pay and the time and manner of payment are in express terms provided for in the lease itself. The rent the lessee agreed to pay is fixed at a sum of money in gross for the entire term, namely, the sum of fifteen hundred dollars. This sum is made payable in installments of twenty-five dollars each, payable monthly in advance. That the amount stated in the lease was considered to be all that the lessee should be required to pay as rent for the premises is, we think, made clear by other provisions in the lease. For instance, the lessor reserved the right to enforce a forfeiture and of re-entering the premises only upon the condition that "the rent above reserved or any part thereof shall be unpaid." The "rent above reserved" clearly referred to the fifteen hundred dollars, and nothing else. Language could not well have made it plainer. Again, when a lien is provided for in the lease, such lien is given only for the rent and charges "above reserved." What are those charges which are included with the rent? Here, again, there can be no doubt with respect to what the parties intended, because the charges referred to are expressly enumerated to be the "water rates, plumbing bills, gas, and electric light charges." These charges and the fifteen hundred dollars thus constituted the "rent and charges above reserved" for which the lien on the furniture, fixtures, and personal property of the lessee was given. To our minds it is clear, therefore,

that the "reasonable comforts of life, including board and room," were by neither party considered as falling within either the term rent or charges. If the parties had considered the comforts and board and room provided for as constituting either rent or charges, they would not in express terms have limited the lien and forfeiture as we have indicated. Moreover, from the language employed in the lease, it would seem that the "reasonable comforts of life" were the principal thing the parties had in mind, since in their view the board and room were to be included in what they termed the reasonable comforts of life. It seems to us, therefore, that both the lessor and the lessee must have regarded the things that the lessee obligated himself to do for the lessor in the nature of a personal trust which it was intended the lessee should discharge personally. It is true that in the lease it is said that the "lessee, his heirs or assigns," should discharge the duties imposed, but this provision, when taken in connection with the covenant that the lessee shall not "let or underlet," the premises without the written consent of the lessor, is not controlling. Indeed, the provision that the heirs or assigns might discharge the obligation could not become effective without the lessor's consent. This, in view of the covenant not to let or underlet, is too plain to require argument. But covenants for support are almost universally regarded as personal and unassignable without the express consent of the beneficiary. (*Bethlehem v. Annis,* 40 N. H. 42, 77 Am. Dec. 700; *Flanders v. Lamphear,* 9 N. H. 201; *Eastman v. Batchelder,* 36 N. H. 141, 72 Am. Dec. 295; *Clinton v. Fly,* 10 Me. 292.) We are of the opinion, therefore, that the "reasonable comforts of life, including board and room" were not to be treated as part of the rent as such which the lessor had the right to receive in the form of money if he so elected.

It is quite clear that the lessee could not have absolved himself from the obligation by offering to pay the lessor a sum equal to the value of the room and board. No doubt if the respondent as lessee had refused or neglected to comply with the obligation, the lessor could have

recovered the money value of the thing stipulated for because that is just what he would have been compelled to pay to some one else, and would have been the only way to enforce the contractual obligation assumed by the lessee. It would have been the only method known to the law to make compensation for a breach of the contract. Upon the other hand, we think the respondent as lessee had the undoubted right to discharge the obligation assumed by him in the precise manner stipulated for. Suppose the lessor had elected that he did not want the reasonable comforts of life or the board and room any longer, but would rather have the money value thereof, could he have gone to Europe or any other place and legally have demanded the money value of the comforts and the board and room from the respondent so long as respondent was able, ready, and willing to comply with the obligation he had assumed in that regard? We think no one would so contend. Upon what legal principle, therefore, is the appellant as the legal representative of the lessor placed in a better position to recover the money value of the comfort and board and room as a part of the rental for the demised premises than the decedent in his lifetime would have been? Wherein has the respondent failed to comply with any obligation assumed by him? In what part of the lease has he agreed to pay any sum as rent in addition to the fifteen hundred dollars? The court cannot change the terms and conditions of the contract merely because one of the parties thereto dies. The appellant, as the legal representative of the decedent, can only enforce the provisions of the contract that the latter could have enforced under the same conditions. We are of the opinion, therefore, that, so long as the respondent as lessee was able, ready, and willing to provide for the lessor during his lifetime as respondent had agreed to do, the lessor could not have sustained an action for the money value of the comforts and board and room. Neither do we think that the mere fact that the lessor has lied, and hence can no longer receive the comforts stipulated

for, changes the obligation imposed on respondent. It is a case where the lessor no longer requires the personal care and attention, and hence, in the absence of an express stipulation providing for such an emergency, we know of no power in the courts whereby the law can supply the defect for the benefit of the estate. Moreover, the promise of the respondent was not to, nor for the benefit of the estate, but for the personal benefit of the decedent only. In view of the death of the lessor, and of the circumstances of this case, we think that, from a legal point of view, respondent must be held to be relieved from any obligation except the payment of the money rent agreed to be paid by him at the times and in the manner provided for by the terms of the lease. This in our judgment is also the view taken by the authorities upon the subject. In 18 A. & E. Ency. L. (2d Ed.), 274, it is said: "Where the rent to be rendered is the support of the lessor, no other rent can be demanded if the lessee is willing to supply such support; and upon the death of the lessor during the term demised the tenant cannot be held for a money rent." The foregoing doctrine is stated in similar language in 24 Cyc. 1190. The case of *In re Williams Estate,* 1 Misc. Rep. 35, 22 N. Y. Supp. 906, is a case precisely in point. It was there held that the administrator of the lessor could not recover the money value of the support after the death of the lessor which was agreed to be provided for him in the lease. To the same effect is *Shouse v. Krusor,* 24 Mo. App. 279.

Appellant's counsel cites one case which he insists lays down a contrary doctrine, namely, *Oliver v. Moore,* 53 Hun 472, 6 N. Y. Supp. 413. In that case the party bringing the action had agreed to furnish board to the tenant and her maid. The lessor had let to the lessee two rooms in one of the upper stories of a large building in New York City to a certain woman and her maid for the term of eight and one-half months at the rate of two thousand, seven hundred and twenty-five dollars, to be paid in installments of seventy-five dollars each, payable weekly. The lessor, for the consideration aforesaid, however had also agreed to furnish suit-

able board for the lessee and her maid during the period of time mentioned in the lease. The lessee, therefore, agreed to pay the sum of two thousand, seven hundred and twenty-five dollars in weekly installments of seventy-five dollars for room rent and board for herself and her maid. It seems that the board was as much a part of the consideration as the rent. The lessee died, and after her death the lessor sued the executor of the lessee to recover the whole sum as rent. The court held that the lessor could recover rent for the entire term, but was required to deduct from the amount stipulated to be paid in the lease the "expense to which she (the lessor) would have been put if she had been obliged to provide board for the decedent during the whole term." The lessor was thus not allowed to recover the value of the board she had not furnished, but she was permitted to recover the difference between the cost or "expense" of furnishing board and the price the lessee had agreed to pay for it. In other words, she was allowed her profits on the board the same as she would have been if the lessee had lived, but had refused to receive and pay for the board. In such a case there is no personal trust or confidence involved. Nor is there any way to enforce the terms of such a contract, except in the manner it was done by the New York court. If under the contract in question respondent were required to pay what appellant demands, we would not enforce the provisions of the contract, but, upon the contrary, we would ignore them. Under the express terms of the contract, respondent was required to pay only twenty-five dollars monthly as rent for the premises, but in addition had agreed to give something for the personal benefit of the lessor. This latter obligation, however, respondent had the right to discharge from day to day personally, and no agreement was entered into either expressly or by implication that in case the lessor should no longer wish or require the personal attention and board the respondent should pay the equivalent thereof in money either to the lessor or to his estate. The death of the lessor, so far as respondent's obligation is concerned, is, in legal effect, the same as though the lessor in his lifetime,

without cause therefor, had refused to occupy the room and receive the board and comforts provided for in the lease. Had he so refused, he could not recover their money value, unless he established some agreement to pay them in that form or some breach thereof on the part of the respondent. Nor can appellant recover unless he shows that respondent has failed in what he obligated himself to do.

The judgment is clearly right; hence is affirmed, with costs to respondent.

McCARTY, J., concurs.

STRAUP, J.

I am of the same opinion. The covenant in the lease requiring the lessee to board and room the lessor during the life of the lease was personal. The rights of the lessor under it were unassignable. They ended with his death, and hence did not pass to his heirs or legal representatives.