In the Matter of the Estate of Teresa E. Bartels, Deceased:
Wacker-Helderle Undertaking & Livery Company, a Corporation, and St. John's Hospital, a Corporation, Respondents, v.
William B. Kinealy, Executor of the Estate of Teresa E.
Bartels, Deceased, Appellant.—186 S. W. (2d) 348.

St. Louis Court of Appeals. Opinion filed April 17, 1945.

Motion of Respondent Wacker-Helderle Undertaking & Livery Company for a Rehearing Overruled; Opinion filed May 15, 1945.

716

*Kinealy & Kinealy* for appellant.

*Henry Ebenhoh* for respondent, Wacker-Helderle Undertaking and Livery Company.

BENNICK, C.—This proceeding originated in the Probate Court of the City of St. Louis upon the petition of two creditors of the estate of Teresa E. Bartels, deceased, to require the executor of the will of the deceased to account for and charge himself with certain rents which had been collected from the real estate of the deceased.

The controversy between the parties arises solely from the fact that the executor, William B. Kinealy, was also the residuary devisee in the will.

Upon the death of the deceased, letters testamentary were issued to Kinealy, who filed an inventory and appraisement on September 28, 1940, showing the only asset of the estate to be a piece of real property at 1019-23 Dolman Street in the City of St. Louis, which was appraised at $3500, but was encumbered by deeds of trust securing certain notes which had been executed by the deceased.

The creditors in question are Wacker-Helderle Undertaking & Livery Company, which had a claim of $259.32 for the funeral expenses of the deceased, and St. John's Hospital, which had a claim of $1383.85 for the deceased's hospital care during the period of her last illness. The former's claim was allowed on August 15, 1940, and classified in the first class, while the latter's claim was allowed on December 23, 1940, and classified in the second class. Kinealy admittedly had knowledge of both of such claims at the time of the issuance of his letters, and later waived notice of their presentation for allowance.

There being no personal estate, Kinealy, on January 6, 1941, presented a petition to the probate court for authority to sell the real estate for the payment of debts. An order of sale was thereupon entered; and on March 20, 1941, Kinealy filed his report of sale, upon the approval of which a deed was executed and delivered to the pur-

chaser. The estate actually profited but little, however, since after the payment of the notes secured by the deeds of trust, accrued interest, taxes in arrears, and other liens, the net amount realized from the sale was only $166.28.

There had admittedly been no order upon Kinealy as executor to take charge of and rent the real estate for the payment of debts, and consequently, when he filed his first or semiannual settlement on March 25, 1941, he included no item of the collection of rents. As a matter of fact, however, he had been continuously collecting rents in what he claimed was his capacity as residuary devisee, and in the period between the death of the deceased and the sale of the property under order of the court, had made collections in the aggregate amount of $357.12. It is significant to note in this connection that there had never been any pretense that the rents were being collected in his official capacity, but instead the checks had been invariably made payable to him individually, and had then been deposited in his personal checking account.

The semiannual settlement was approved by the court; and on June 27, 1941, the two creditors of the estate, Wacker-Helderle Undertaking & Livery Company and St. John's Hospital, instituted the present proceeding by the filing of their petition in the probate court asking the entry of an order directing Kinealy as executor to account for the rents as assets of the estate.

In their petition the creditors first called attention to the fact that Kinealy was both executor and residuary devisee; that according to his semiannual settlement, there were insufficient funds on hand to pay the claims which had been allowed against the estate; and that he had collected rents for the period between the death of the deceased and the sale of the property under order of the court, but had neglected and omitted to account for the same in his settlement theretofore filed.

Upon the basis of these facts (all of which were of course admittedly true), the creditors then alleged that Kinealy had not only had knowledge of the existence and allowance of the irrespective claims while he was collecting rents from the real estate, but had also known that in the absence of a personal estate, payment of the claims could only be realized out of the real estate or out of the rents collected therefrom; and that by reason of such facts, and particularly by reason of the fact that he was both executor and residuary devisee, it had been his duty to collect the rents for the benefit of the estate, and he was to be regarded as having collected the same in his capacity of executor rather than residuary devisee, and was not to be excused from accounting for the same because of his failure and neglect to have applied to the court for an order to take charge of the real estate.

After a hearing on the petition, the probate court sustained the same and directed Kinealy, as executor, to account for the rents he had collected in the amount of $357.12. Following the entry of such order,

Kinealy appealed to the circuit court, which heard the matter anew, and likewise entered judgment that he charge himself with the rents. A motion for a new trial was thereupon filed; and this being subsequently overruled, Kinealy's appeal to this court has followed in the usual course.

While the judgment we are reviewing is that of the circuit court, the jurisdiction of that court was purely derivative, so that in the final analysis the question for our determination is whether, on the petition filed, and in the light of the admitted facts of the case, the probate court had jurisdiction to require Kinealy to charge himself as executor with the rents he had collected from the real estate.

So far as the question presented by the petition was whether, looking only to the things which were actually done, the rents which had been collected belonged to Kinealy as residuary devicee or should instead have been accounted for as assets of the estate, the probate court undoubtedly had jurisdiction, since that was purely a legal question arising in connection with the administration of the deceased's estate, and having to do with the matter of the application of rents towards the payment of debts due from the estate. [Cleveland Co-operative Stove Co. v. Baldwin, 121 Mo. App. 397, 99 S. W. 47.] Nor was it any obstacle to the court's right to entertain the petition that the particular form of proceeding was not specifically authorized by statute so long as such a practice accorded with the proper exercise of the powers which have been conferred upon the probate court by constitutional and statutory provisions. [In re Mills' Estate, 349 Mo. 611, 162 S. W. (2d) 807.] But on the other hand, so far as the issues presented by the petition were purely equitable in their nature, they were beyond the cognizance of the probate court, which has no inherent equitable jurisdiction, and no power to grant purely equitable relief. [State Bank of Willow Springs v. Lillibridge, 316 Mo. 968, 293 S. W. 116; Howard's Estate v. Howe, 344 Mo. 1245, 131 S. W. (2d) 517.]

There is no disagreement about the general proposition that upon the death of a decedent, title to his real estate vests directly in his heirs or devisees as the case may be, and that except for the case of an executor acting under power specifically conferred by a will, the personal representative acquires no interest in the real estate of the decedent, and may not lawfully take possession of or control the same unless upon the order of the probate court that it be rented or sold for the payment of debts, where it is shown that the personal estate is insufficient. [In re Beauchamp's Estate (Mo. App.), 184 S. W. (2d) 729; Field v. French's Estate (Mo. App.), 106 S. W. (2d) 925.]

In this case, since there had admittedly been no order of the probate court directing Kinealy to rent the real estate for the payment of debts, and since, in the absence of such an order by the probate court, the rents accruing after the death of a decedent follow the prinicipal estate and belong to his heirs or devisees (Beasley v. Blake's Adm'r,

70 Mo. App. 229), it would seem at once that upon the bare legal question presented by the creditors' petition, the court should have held that the rents belonged to Kinealy as residuary devisee, and were not to be accounted for as assets of the estate.

The only respondent's brief in this court is by Wacker-Helderle Undertaking & Livery Company, which frankly admits that if the executor and residuary devisee had not been one and the same person, the residuary devisee would have been entitled to the rents until such time as the probate court made an order directing the executor to take charge of the real estate, but contends that since Kinealy was both executor and residuary devisee, the general rule did not apply, so that the rents he collected should be regarded as having been collected in his representative capacity upon the theory that his duties as executor were paramount to his rights as residuary devisee. In other words, this respondent argues that inasmuch as Kinealy admittedly had knowledge of the existence of the two claims against the estate at the time of the issuance of his letters, he might have been expected to apply to the probate court for an order to rent the real estate for the payment of debts if he had not also been designated as residuary devisee; and that his status as residuary devisee, which made it to his personal advantage not to apply for such an order, did not relieve him of his primary responsibility, which the creditors had the right to assume that he was fulfilling in his capacity as executor.

There is no doubt of the fact that if Kinealy, notwithstanding the absence of an order to take over the real estate, had nevertheless elected to charge himself with the rents in stating his accounts as executor, the rents would have been thereby brought within the jurisdiction of the probate court, and would have been subject to be applied towards the payment of the claims allowed against the estate. An heir or devisee may consent that the personal representative shall receive the rents without the formality of an order from the probate court; and if Kinealy had collected and disbursed the rents under color of his office as executor, the very fact of his action in that capacity would have implied his consent as residuary devisee. [Lewis v. Carson, 95 Mo. 587, 3 S. W. 483, 6 S. W. 365.] The facts show, however, that he received the rents in his individual rather than his official capacity; and even if the record had been silent in that regard, it would have been presumed that he took the rents as residuary devisee, where such a course would have been so clearly to his personal advantage.

As a matter of fact, the creditors make no suggestion that Kinealy in anywise purported to collect the rents in his representative capacity, but instead the whole burden of their contention is that notwithstanding his undertaking to retain the rents for himself, he should be required to account for the same as assets of the estate so that they might be applied to the payment of debts. This upon the theory, as we have already pointed out, that if he had not been primarily

concerned with the maintenance of his rights as residuary devisee, a proper regard for his duties as executor would have prompted him to make timely application to the court for an order to take over the real estate.

The trouble with this contention is that it raises an issue which is purely equitable in its nature, and calls for purely equitable relief. Assuming that in the absence of a personal estate, it was Kinealy's duty as executor to apply for an order to rent the real estate, and that having knowledge of the claims of these two creditors, he would have applied for such an order if it had not been for his status as residuary devisee, the petition proceeded upon the idea that in determining whether the rents should be applied to the payment of debts, the courts should regard that as done which ought to have been done, and should require Kinealy to account for the rents as executor upon the theory that the duties he owed as executor were paramount to his rights as residuary devisee. Whatever might be the merits of such a claim, it could only be asserted in a court of equity, and was beyond the jurisdiction of the probate court, which was limited to the powers conferred by statute. So long as there was no order of the probate court directing Kinealy to rent the real estate for the payment of debts, the rents belonged to him as residuary devisee, and the probate court was therefore without authority to require him to account for the rents as assets of the estate. [Cleveland Co-operative Stove Co. v. Baldwin, *supra*; Bealey v. Blake's Adm'r, *supra*.]

It follows that the judgment rendered by the circuit court should be reversed and the cause remanded with directions to the circuit court to enter up judgment denying the petition, and thereupon certify the result, as provided by law, to the probate court from whence the appeal was taken. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed and the cause remanded with directions as recommended by the Commissioner. *Hughes, P. J.*, and *McCullen* and *Anderson, JJ.*, concur.

## ON MOTION FOR REHEARING.

BENNICK, C.—Respondent Wacker-Helderle Undertaking & Livery Company has filed a motion for rehearing which is chiefly founded on the claim that our decision is in conflict with the opinion of the Supreme Court in Smith v. St. Louis Union Trust Co., 340 Mo. 979, 104 S. W. (2d) 341.

The Smith case was an action brought in the circuit court by a residuary legatee under the will of one Kotany to recover a judgment in damages against the executor, St. Louis Union Trust Company,

722

upon the ground of the latter's alleged negligence and breach of duty in delaying the sale of securities belonging to the estate with a consequent loss to the estate and to the plaintiff as a residuary legatee.

The will had provided that for the purpose of paying debts, costs of administration, or taxes, or for the purpose of making any settlement or distribution, the executor was authorized to sell any real or personal property belonging to the testator at the time of his death, at such times and prices and upon such terms as to it might seem desirable and proper, without the order or approval of the probate court.

The trust company demurred to the petition upon the ground that the circuit court had no jurisdiction of the action, and that exclusive jurisdiction was vested in the probate court. The trial court sustained the demurrer; and upon the plaintiff's refusal to plead further, final judgment was entered against him, from which he thereupon was granted an appeal to the Supreme Court.

In support of his contention that the circuit court had jurisdiction of the action, the plaintiff counted upon Section 281, Revised Statutes Missouri, 1939 (Mo. R. S. A., sec. 281), which provides that the bond of any executor or administrator may be sued on at the instance of any party injured for the waste or mismanagement of the estate, or other breach of the condition of the bond. The fact was that the trust company had given no bond, but inasmuch as it had theretofore qualified generally to act as executor or administrator without bond by virtue of its compliance with Section 8068, Revised Statutes Missouri, 1939 (Mo. R. S. A., sec. 8068) (the deposit of securities of the value of $200,000 with the finance commissioner), the plaintiff argued that its compliance with Section 8068 had been the legal equivalent of the giving of bond so as to have authorized an action in the circuit court for the waste or mismanagement of the estate. The Supreme Court held, however, that notwithstanding the trust company's compliance with Section 8068, it was still in the position, so far as the particular case was concerned, of an executor who had been permitted to act without bond, and that Section 281 providing for an action on a bond was therefore no authority for maintaining the action in the circuit court.

The Supreme Court concluded that since the matter about which the plaintiff was complaining was one which pertained directly to the settlement of the estate, the probate court had exclusive jurisdiction to grant the plaintiff his relief, and in reaching its result reaffirmed the doctrine that under the Constitution and laws of this State, the probate courts have exclusive original jurisdiction within their respective territorial jurisdictions in all cases arising under the general laws of this State relating to the administration of estates and to all matters pertaining to probate business, except for those

cases where jurisdiction is expressly conferred upon the circuit court, or where the particular facts are such that adequate relief cannot be had at law.

In our decision in the instant case, we have not meant to be unmindful of the broad and exclusive jurisdiction which is conferred upon the probate courts of this State in all matters pertaining to probate business, including the settling of the accounts of executors and administrators. The Smith case furnishes an apt illustration of the extent of that jurisdiction; and convincingly demonstrates that in the field over which the probate courts have been invested with jurisdiction, their jurisdiction is both original and exclusive.

It seems to us to be apparent, however, that as to the facts upon which jurisdiction depends in the two cases, there is a clear distinction to be drawn between the Smith case and the case now before us for decision.

In the Smith case, the securities which the trust company was charged with having wasted and mismanaged were securities which the testator had owned at the time of his death, and which therefore became assets of his estate in the hands of the trust company as executor to be administered upon by the probate court. Having belonged to the testator at the time of his death, it required no act of either the probate court or the executor to make them assets of the estate; and until such time as there was an order of distribution by the probate court, no heir or legatee had any right whatever to their possession or control. The executor was alone responsible for their proper handling under the supervision of the probate court; and if the estate suffered a loss by reason of the executor's neglect of its duty under the discretionary power of sale conferred upon it by the will, there could be no doubt of the probate court's jurisdiction to have held the executor to account upon exceptions taken by the plaintic to the final settlement in the case.

In the instant case, however, the rents in question were not assets of the estate, but having accrued after the testator's death, belonged to Kinealy individually as an incident of title to the real estate which had vested in him as residuary devisee. If he, notwithstanding the fact that the rents belonged to him, had nevertheless voluntarily brought them into his administration by charging himself with them in his accounts, he would thereby have become responsible for them in his capacity as executor, and the creditors would have been entitled to look to the rents for payment of their claims against the estate. Nor when he elected to keep the rents for himself, did it mean that there was no remedy to be pursued against him. On the contrary, there was a full and complete remedy afforded by Section 129, Revised Statutes Missouri, 1939 (Mo. R. S. A., sec. 129), which authorizes the probate court to make an order "requiring" an executor or administrator to take possession of and rent the real estate where the

court is satisfied that it is necessary to rent the real estate for the payment of debts due from the estate. Undoubtedly the statute was deliberately worded in such a way as to safeguard the interest of the estate where it was opposed to the personal interest of the executor or administrator; and it is therefore incorrect to assume that the right or duty to apply for such an order is restricted to the executor or administrator, but instead it may be entered upon the application of any creditor, as well as at the instance of the court itself, so long as the order is based upon the jurisdictional fact that the real estate is needed for the payment of debts.

In the case before us, the record disclosed the total lack of any personal estate; and when Kinealy undertook to retain the rents by virtue of his status as residuary devisee, either or both of these creditors might have petitioned the court for an order requiring him to account as executor for whatever rents might thereafter accrue, or the court itself, from its own inspection of its record, might have become satisfied of the necessity for the entry of such an order. But regardless of the source from which the order might have been inspired, the court had no jurisdiction to require Kinealy to account for the rents except upon the basis of such an order; and in the absence of such an order, Kinealy had the legal right to the rents as residuary devisee.

In satisfying itself of the necessity for the entry of such an order, the probate court would unquestionably have had original and exclusive jurisdiction of the character discussed by the Supreme Court in its decision in the Smith case. However that jurisdiction was never exercised; and when no timely steps were taken to require Kinealy to collect the rents as executor, it is now too late to hold him to account upon the theory that if such an order had been asked, it would have been granted by the court, or that a proper regard for his fiduciary obligation as executor should have prompted him to disregard his rights as residuary devisee. The only question within the jurisdiction of the probate court was whether, in the absence of an order requiring Kinealy to collect the rents as executor, the rents which he had collected should be accounted for as assets of the estate; and upon this question the only answer for the court to make was to deny the petition of the two complaining creditors. [Cleveland Co-operative Stove Co. v. Baldwin, 121 Mo. App. 397, 99 S. W. 47.]

The Commissioner accordingly recommends that the motion of respondent Wacker-Helderle Undertaking & Livery Company for rehearing be overruled.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. Respondent Wacker-Helderle Undertaking & Livery Company's motion for rehearing is, accordingly, overruled. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.