**Cleo BRAZEAL, Plaintiff-Appellant,**

v.

**Leo REDBURN, Defendant-Respondent.**

**No. 12454.**

Missouri Court of Appeals,
Southern District,
Division 2.

Aug. 20, 1982.

Esco V. Kell, West Plains, for plaintiff-appellant.

Harold L. Henry, West Plains, for defendant-respondent.

BILLINGS, Judge.

Cleo Brazeal, individually and as administratrix of the Estate of Altie M. Huddleston, deceased, filed this suit in 1978 in the circuit court against her sister, defendant, Leo Redburn. The suit sought discovery of certain assets of the decedent which were allegedly "wrongfully concealed, embezzled" or that defendant "is otherwise wrongfully withholding", and a determination of ownership of the alleged assets. Trial was to the court and, in general, judgment was in favor of defendant and plaintiff filed this appeal. We reverse the judgment and remand the cause with directions that the petition be dismissed because of lack of jurisdiction of the circuit court to entertain original proceedings to discover assets.

Plaintiff seeks to avoid dismissal of the petition on the ground that the suit was not

a proceeding to discover assets, but was really a suit for a declaratory judgment and properly filed in the circuit court. The Bard of Avon supplies the answer to this contention in Romeo and Juliet:

> "What's in a name? That which we call a rose By any other name would smell as sweet." [1]

Sections 473.340—473.357, RSMo 1969, and Section 473.340, RSMo 1978, (effective January 2, 1979), mandate that proceedings to discover assets be initiated in what was formerly the *probate court* and under the present statute the probate division of the circuit court.[2] Properly filed, that court is authorized to determine the persons who have an interest in personal property being adversely withheld from the estate or claimed by another.

"Ample authority supports the proposition that an action to discover assets cannot be initiated in the circuit court, but the party seeking to bring property into the estate must do so in the probate court and in accordance with the special statutory proceeding." *Caldwell v. First National Bank of Wellston,* 283 S.W.2d 921 at 923 (Mo.App.1955).

The pleadings and undisputed facts clearly demonstrate that plaintiff's suit was a discovery of assets proceeding and under § 473.340 the probate division of the circuit court, not the circuit court, had original and exclusive jurisdiction.

The judgment is reversed and the cause is remanded to the circuit court with directions to dismiss the petition.

MAUS, P. J., and HOGAN, J., concur.

1. Shakespeare: *Romeo and Juliet,* II, ii, 43.

2. When plaintiff instituted this proceeding, § 473.340 provided: "If the executor or administrator, or other person interested in an estate, files an affidavit in the proper court, stating that the affiant has good cause to believe and does believe that any person has concealed or embezzled, or is otherwise wrongfully withholding any personal property of the decedent and has it in his possession or under his control, the court may cite the person to appear

before it, and compel his appearance by attachment."

Under the foregoing statute, the issues were framed by interrogatories and answers thereto. *Estate of Rogers v. Courier,* 429 S.W.2d 258 (Mo.1968). The present statute provides discovery of assets proceedings be initiated by the filing of a verified petition with subsequent proceedings governed by the Missouri Rules of Civil Procedure.