**Jack R. GRATE, Jr.,
Appellant-Respondent,**

v.

**Leora L. RICHARDS,
Respondent-Appellant.**

**No. WD 37813.**

Missouri Court of Appeals,
Western District.

Jan. 13, 1987.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
March 3, 1987.

Mirko Bolanovich, Independence, for appellant-respondent.

Rufus Burrus, Independence, for respondent-appellant.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

LOWESTEIN, Presiding Judge.

Like two heavyweight boxers still slugging it out in the late rounds, Grate and Richards are both at center ring following their preliminary bout reported in *Grate v. Richards,* 689 S.W.2d 635 (Mo.App.1984). Both protagonists have appealed a judgment where they both sought restitution following judicial resolution of their quiet title dispute.

In 1977 Mrs. Richards, a real estate agent, entered into a contract for deed with Mr. and Mrs. Burr for a house at 1634 Cypress in Kansas City. When the contract was paid in full she received a "release deed" on November 12, 1980. This release deed, recorded December 1, 1980, apparently emanates from a deed of trust the Burrs had which was paid off concurrently with Richards' last payment. In September, 1980 Richards leased the house to the Carrolls. Richards received a warranty deed dated January 14, 1981, but it has never been recorded. As the opinion in *Grate v. Richards, supra,* notes at page 637, "unknown to Mrs. Richards," Montgomery Ward on November 17, 1980 obtained a default judgment against the Burrs for $1,242.19. Grate, an attorney with the firm that represented Wards, bought the house at an execution sale in March 1981. The battle began when Grate, believing the Burrs still the title owners, showed up at the house armed with a deed and was told by the Carrolls they were tenants of Richards.

Grate then filed a suit to quiet title. So did Richards. Judgment was for Grate in May 1983. Prior to that the Carrolls had put rent payments in escrow. They moved out in June, 1982. After getting his judgment Grate took possession of the property, and collected the escrowed rent money.

Richards appealed. This court in *Grate v. Richards, supra,* reversed, quieting title in Richards because service of notice of the levy was not given to the Burrs, who were the judgment debtors. This court's mandate declared Mrs. Richards, as the successful appellant, "be restored to all things lost by reason of said judgment." After transfer to the supreme court, the cause was retransferred to the Western District and the mandate of June 4, 1985 declared Mrs. Richards, as the successful appellant, "be restored to all things lost by reason of said judgment."

In September, 1985 Richards filed in the trial court a "Motion for Order of Restitution in Accordance with Mandate;" and the matter now on appeal erupted. Richards asked for costs to be calculated at $279.50, and for $250 a month as the reasonable value of the property from the time Grate got possession in 1983 until the final adjudication of title in 1985. This time period from the trial court's quiet title judgment until it was reversed lasted for 25 months and Richards sought $6,250.

Grate then put on the gloves and asked the court for restitution totalling $13,051.16. He claimed to have spent from 1981 through 1985; $1,034.41 for real estate taxes; $2,410.85 to pay off the Ward's lien; $1,899.00 for insurance and $7,706.90 in repairs to the house. Grate's motion was characterized by the trial court as a set-off as against Richard's motion. Judge Hanna refereed the hearing and found a net judgment of $1,222.09 in favor of Richards. Both sides were unhappy with that decision and after reconsideration of the claims for restitution, the court declared Richards was entitled to 24 months rental based on $150 a month as a reasonable value, plus $1100 as the net amount of the Carroll's rent taken by Grate. The court found Grate's set-off consisted of $1773 for

the lien payment; $1034.41 real estate taxes, and $430 for one years fire insurance. The net amount of the judgment for Richards was $1,892.09 ($279.50 was the amount of costs, which both sides had agreed upon until Richards sought an additional $170 for bringing a witness from out of state to the quiet title trial. In the restitution and cost hearing this $170 amount was disallowed and is not contested on appeal. This appears to be the one item of agreement between the parties since 1981). The upshot of what the trial court ordered was to give Richards the rent collected by Grate from Richards' tenants and a reasonable rental from him for the time he was wrongfully in possession. Subtracted from this sum were taxes Grate paid, part of the insurance premiums and his payment of the Ward's lien. Grate got nothing for money he paid to repair the premises.

Needless to say both parties have cried foul and have appealed on numerous grounds the $1892.09 judgment for Richards. Richards contends: 1) the trial court had jurisdiction to hear only her items for restitution and was not empowered to hear anything on behalf of Grate; 2) Richards could not have collected on the property insurance paid for by Grate; 3) Grate was a volunteer in paying the taxes; 4) the Ward's lien was only against the Burrs and not applicable to Richards; 5) Richards should have received the full amount of the rent escrowed by the Carrolls; and 6) the $150 rental value as found by the court was inadequate.

Grate says: 1) there was no evidence to support the $150 rental value; 2) he was entitled to more than a $430 set-off for insurance; and 3) the court erred in not giving him any set-off for the repairs be made.

All points of both parties are denied. Examination will be made of certain points based on subject matter. The points not discussed were either inadequate and/or without citation of authority.

■■■ The standard of review is prescribed under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The proceeding for restitution of money lost by an erroneous judgment is one in equity. *State ex rel. State Highway Commission of Missouri v. Morganstein*, 649 S.W.2d 485, 487 (Mo.App.1983). As trier of fact the trial court could determine the credibility of witnesses and could accept or reject even uncontradicted testimony. *Baum v. Glen Park Properties*, 692 S.W.2d 831, 833 (Mo. App.1985).

■■■ The right to an action in restitution for things lost existed in Richards because she obtained appellate reversal of a trial court judgment. *De Mayo v. Lyons*, 360 Mo. 512, 228 S.W.2d 691, 692 (1950). "Restitution may be sought in the court rendering the reversed judgment, or by an independent action in another court." *In re Marriage of Cook*, 663 S.W.2d 789, 790 (Mo.App.1984). The trial court possessing equity jurisdiction had the inherent power to allow or compel a set-off to Grate. *Watson v. Harris*, 435 S.W.2d 667, 676 (Mo. 1968).

■■■ With regard to insurance, the judgment gave a set-off to Grate for one years' premium of the four he paid. Grate wants credit for all insurance for which he paid. Richards would allow him nothing. Richards' contention that a person in Grate's position is entitled to nothing is countered by *Watson v. Harris, supra,* at 677. Grate's point of his being entitled to set-off for all insurance procured by him is devoid of authority and will not be considered. Rule 84.04(d).

■■■ Richards' point claiming error because Grate was given credit for real estate taxes is also covered by *Watson v. Harris, supra,* where the supreme court recognized taxes paid by the party that loses an appeal would otherwise have had to have been paid by the successful appellant. 435 S.W.2d at 677.

■■■ The judgment was correct in giving Grate a set-off on the payment of the lien. Ward's judgment against the Burrs as previous owners, was entered on November 17, 1980. As of that date the judgment operated as a lien on any real estate owned

by Burrs in the county of judgment. Section 511.350 RSMo Supp.1984; Rule 74.34; *Remax of Blue Springs v. Vajda & Co., Inc.,* 708 S.W.2d 804–05 (Mo.App.1986). The Burrs having legal title to the property in November 1980, the lien attached to the house in question and was not defeated by the unrecorded warranty deed from Burr to Richards in January, 1981. Neither was the lien against the property extinguished by the decision of this court on the quiet title suit. That decision did nothing more than set aside the execution sale as void, resulting in the failure of Grate's claim to title. *Grate v. Richards, supra,* at 639.

■ Richard's next point regards her receiving $1100 in rent collected by Grate. Her point on appeal claims the judgment gave her less than she was entitled. The point is denied as it does not comply with Rule 84.04(d).

■ For her last point, Mrs. Richards disputes the finding that $150 is the rental value of the property while Grate was in possession. The lease between Richards and the Carrolls called for $200 rent, to be paid in $150 in cash and $50 worth of services a month by the tenants. Those tenants were in the house from September, 1980 through June, 1982. The time frame for which Richards seeks restitution is from Grate's entry following the May 1983 judgment until the end of June, 1985, when title was quieted in Mrs. Richards. Whether there were tenants or inhabitants in the house after the Carrolls left is unclear. Richards testified the rental value was approximately $280. It appears the house was vacant—the evidence of value was sketchy but the fact finder's holding of $150 was within the range of evidence, and will not be disturbed. *Missouri Farmers Association, Inc. v. Killion,* 708 S.W.2d 801, 804 (Mo.App.1986). Richards' request for more value than was given is denied. Grate, on the other hand thinks the evidence did not support a figure as high as $150. His evidence showed little or no value, but the court was not bound to believe testimony favorable to him. Also unavailing is Grate's argument that Mrs. Richard's testimony of value be disregard-ed. She was employed in real estate. In any event as owner she was qualified to give her opinion of value where there was no showing she used an erroneous method of calculation. *Larabee v. City of Kansas City,* 697 S.W.2d 177, 182 (Mo.App.1985).

■ Grate supplies the court with no authority for his claim that the trial court erred when it gave him nothing for repairs he made and paid for.

> Section 524.160 RSMo 1978, provides:
> If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises, or in any real action in favor of a person having a better title thereto, against a person in the possession, held by himself or by his tenant, of any lands, tenements or hereditaments, such person may recover, in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements or hereditaments, prior to his having had notice of such adverse title.

In *Morris v. Ulbright,* 591 S.W.2d 245, 247 (Mo.App.1979), this court found "that notice and good faith cannot co-exist," and once a person is given a clue concerning a defect in his title he cannot be assured of recovery for improvements he makes. Here, as in *Morris,* Grate knew in June, 1982 Mrs. Richards claimed title. The trial court was absolutely correct in denying this set-off.

The judgment is affirmed. Costs are assessed equally.

All concur.