29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael J. DELANEY; Martha J. Delaney; Plaintiffs,
Corinne DELANEY, Appellant,
v.
Alfred F. MEINERS; Mary Ann Meiners; Shearson Lehman
Brothers, Inc., Appellees.
Michael J. DELANEY; Martha J. Delaney; Corinne Delaney, Appellants,
v.
Alfred F. MEINERS; Mary Ann Meiners; Shearson Lehman
Brothers, Appellees.
 No. 93-4110, No. 93-3302.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 8, 1994.
Filed: July 18, 1994.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Corinne Delaney appeals (No. 93-3302) from the final order entered in the District Court[1] for the Western District of Missouri, granting summary judgment on the basis of res judicata to Alfred F. Meiners, Mary Ann Meiners, and Shearson Lehman Brothers, Inc. (SLB), in this diversity action, and Corinne Delaney, Michael Delaney, and Martha Delaney appeal (No. 93-4110) from the denial of a motion for reconsideration, in these consolidated appeals. For the reasons stated below, we affirm.
 
 
 2
 Corinne Delaney is the widow, and Michael and Martha Delaney are the children, of Joseph Delaney, who was Josephine Meiners's only child and who predeceased Josephine. The Delaneys filed this diversity action in federal court alleging that Alfred F. Meiners, Josephine's stepson, and his wife, Mary Ann, entered into a plan to steal Josephine's property, and that Alfred used undue influence over Josephine. In addition, they alleged that SLB illegally traded stock and securities belonging to either Josephine individually or Josephine and Joseph Delaney jointly. The Delaneys sought the disclosure of all assets, their return or their value in damages, and the imposition of a constructive trust. SLB and the Meinerses (collectively, defendants) moved for summary judgment, arguing that the action was barred by res judicata because the Delaneys had previously raised these claims against them in two separate petitions for discovery of assets in Missouri probate court.
 
 
 3
 On August 11, 1993, the district court granted summary judgment to defendants based on res judicata, noting that plaintiffs had conceded that the parties and issues in the state and federal actions were the same and holding that the state court dismissal with prejudice of Corinne's petition and summary judgment to defendants and dismissal in Martha's and Michael's petition constituted rulings "on the merits."
 
 
 4
 Corinne Delaney, alone, filed a notice of appeal (No. 93-3302) and attached a motion for reconsideration, which Martha and Michael Delaney later joined. The district court construed the motion under Fed. R. Civ. P. 60(b) and denied it; all three Delaneys appealed the denial (No. 93-4110). On appeal from the underlying judgment, Corinne argues that res judicata does not apply because the state probate court did not have jurisdiction over her conversion claim. On appeal from the denial of the reconsideration motion, the Delaneys argue they were precluded from filing a Rule 59 motion because they did not receive the district court's order until August 24, and thus, the district court abused its discretion in not granting Rule 60(b) relief.
 
 
 5
 We affirm the district court's grant of summary judgment on the basis of res judicata. Federal courts must give a state court judgment the same res judicata effect as the state would give it. 28 U.S.C. Sec. 1738 (1988); Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). In Missouri, res judicata, or claim preclusion, applies when " 'an existing final judgment rendered upon the merits ... by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' " Barkley v. Carter County St. Bank, 791 S.W.2d 906, 910 (Mo. Ct. App. 1990) (quoting 46 Am. Jur. 2d Judgments Sec. 394 (1969)). Because Corinne conceded in the district court that the state and federal actions involved the same issues and parties, we address only whether a court of competent jurisdiction issued a decision on the merits.
 
 
 6
 In Missouri, the probate court has jurisdiction to entertain discovery-of-assets petitions by any person who claims an interest in property which is claimed to be an asset of an estate. Mo. Rev.
 
 
 7
 Stat. Sec. 473.340. The probate court has original and exclusive jurisdiction to entertain a claim that assets of a decedent were "wrongfully concealed, embezzled," or "otherwise wrongfully" withheld. Brazeal v. Redburn, 638 S.W.2d 771, 772 (Mo. Ct. App. 1982). Thus, the probate court was the proper forum for Corinne's petition and had jurisdiction over her conversion claim.
 
 
 8
 Final judgments in the probate court in matters within its jurisdiction are as conclusive as those of courts of general jurisdiction. Estate of Pettit v. Levine, 657 S.W.2d 636, 641 (Mo. Ct. App. 1983). The dismissal of Corinne's probate petition as time-barred constituted an adjudication on the merits under Missouri law and is entitled to res judicata effect between the parties. See Anderson v. Central Mo. State Univ., 789 S.W.2d 41, 43 (Mo. Ct. App. 1990); see also Myers v. Bull, 599 F.2d 863, 865 (8th Cir.) (per curiam), cert. denied, 444 U.S. 901 (1979).
 
 
 9
 We also conclude the district court did not abuse its discretion in denying the "motion for reconsideration" under Fed. R. Civ. P. 60(b). See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (abuse of discretion standard). Even had the Delaneys filed a Rule 59(e) motion, the district court's grant of summary judgment was proper as to all Delaneys for the reasons stated above.
 
 
 10
 Accordingly, we affirm the judgments of the district court.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri