Marjorie Helen CHANEY, Virginia Lee Soetaert, Ann Elizabeth Gray, Maurice L. Gray, Muriel Gray, Carolyn T. Cullum, Larry R. Gray, Appellants,

v.

Bryan Lee COOPER, Personal Representative of the Estate of Virginia L. Gray, Bryan Lee Cooper, Individually, Rachel M. Cooper, Respondents.

No. WD 52220.

Missouri Court of Appeals, Western District.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1997.

Application to Transfer Denied Aug. 19, 1997.

William Modrcin, Jr., Kansas City, for appellants.

Alvin Shapiro, Kansas City, for respondents.

HANNA, Judge.

This appeal arises from the trial court's determination of restitution. The defendants were awarded $216,864.48 in restitution, and the plaintiffs now appeal. On appeal, the plaintiffs argue that the trial court did not have jurisdiction to order restitution, that the trial court declined to grant two of the plaintiffs' setoff claims, and that the decision by

this court, on which the trial court based its decision in the restitution proceeding, is void.

The restitution proceeding stems from an initial dispute, ruled on by this court in *Chaney v. Gray*, 898 S.W.2d 577 (Mo.App.1995), over the ownership of certain assets originating from the condemnation proceeds of a family-owned farm. That dispute was based on the interpretation of the will of Jess Gray, who originally owned the farm. Two of the plaintiffs, Marjorie Helen Chaney and Virginia Lee Soetaert, are the two daughters of Jess and Verda Gray. The other plaintiffs are the surviving spouses and children of two of Jess and Verda's deceased sons, Vernon Harold Gray and Everett Woodrow Gray. The defendants now are the heirs of Leslie Paul, also a deceased son of Jess and Verda, and Leslie's wife, Virginia Gray, who died after Verda.[1]

Leslie Paul Gray was named the executor of his father's estate. On December 19, 1967, the Jackson County probate court entered its order entitled, "Final Settlement Approved; Finding and Decree of Succession; Order of Discharge." The probate court found that the successors to Jess Gray's interest in the Missouri farm property under his will were his surviving spouse, Verda, and their five children, and assigned a "fee simple" interest. The estate was closed, and no appeal was taken from the decree. Verda Gray died, unmarried, on January 1, 1989. This lawsuit was filed by plaintiffs in December 1991 and claimed entitlement to Verda's interest in the Shelby County, Tennessee real estate and approximately $300,000 in various bank accounts held in the joint names of Verda Gray and Leslie Paul Gray.[2]

In the first trial, the plaintiffs were awarded $314,000. The defendants appealed. While the appeal was pending, the plaintiffs executed on the trial court's decision in their favor and garnished a total of $212,863.26 from five of the defendant's bank accounts. The money was paid out by the court administrator's office to the plaintiffs' law firm, where it was held in a separate interest bearing account. We reversed the trial court's judgment and held in favor of the defendants. *Chaney v. Gray*, 898 S.W.2d 577 (Mo.App.1995). We held that the trial court had incorrectly construed the children's interest in the 1967 probate order of Jess Gray's will, which, under the particular facts of this case, granted to Verda Gray a determinable fee simple estate. We further held that, when the children agreed to transfer their share of the condemnation proceeds to Verda Gray in the mid–1970's, they relinquished any interest they may have had in those funds. Verda Gray then was free to transfer or dispose of her proceeds by inter vivos gift or testamentary disposition.

On remand, the defendants sought return of the $212,863.26 previously garnished from their bank accounts.[3] The plaintiffs objected, contending that the defendants could not execute on the law firm's escrow account because the law firm was not a party to the litigation and that the trial court had no jurisdiction over the plaintiffs. They also objected to the form of the proceedings. Alternatively, the plaintiffs asserted three setoff claims against the defendants' claim of restitution. The first setoff claim was for costs of $19,684.84 for accountant's fees, which the defendants agreed was proper. That claim was allowed and is not an issue in the appeal. The second setoff was for rent from the Tennessee real property, and the third setoff was for the plaintiffs' claimed interests in the Tennessee property and in money in the various bank accounts held in the joint names of Verda and Leslie. The

---

1. For a more detailed description of the underlying facts of that dispute, see *Chaney v. Gray*, 898 S.W.2d 577 (Mo.App.1995).

2. Among other litigation spawned by this relationship was a suit filed by the plaintiffs against Leslie Paul Gray for undue influence. It was voluntarily dismissed.

3. At an evidentiary hearing on October 27, 1995, the parties stipulated that $49,239.99 was previously disbursed from the account at the direction of the plaintiffs to reimburse their lawyers for litigation expenses, along with an additional $628 to the Internal Revenue Service. It further was stipulated that $169,437.06 now remains in the Gray Escrow Account. The difference between the original garnished amount of $212,863.26 and the present total of $219,305.05, representing the remaining balance plus disbursements, presumably represents interest earned on the account.

plaintiffs claimed their interest under their third setoff as executory devisees in fee simple.

The trial court ordered restitution in the amount of $216,864.48 in favor of the defendants, with the $169,437.06 remaining in the law firm's escrow account to be paid to the defendants as partial satisfaction of this amount. The trial court denied the plaintiffs' second and third setoff claims.

■ The plaintiffs raise several points on appeal. Our standard of review is well-established. The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ On remand, the defendants filed a motion for restitution of the $212,863.26. The plaintiffs maintain that the only way in which the trial court could reacquire jurisdiction to order restitution is either by the filing of an independent action or when the appellate opinion or mandate directs restitution. Neither our decision or mandate specifically ordered or gave directions as to restitution. Therefore, plaintiffs contend that our opinion and remand did not vest the trial court with jurisdiction to order restitution.

■ An appellant's right of restitution on reversal of judgment is well settled. *Aetna Ins. Co. v. Hyde,* 327 Mo. 115, 34 S.W.2d 85, 88 (banc 1930). "The general rule is that, upon reversal of a judgment against him, the appellant is entitled to restitution from the respondent of all benefits acquired under the erroneous judgment during the pendency of an appeal." *De Mayo v. Lyons,* 360 Mo. 512, 228 S.W.2d 691, 692 (1950); *see also Grate v. Richards,* 725 S.W.2d 45, 48 (Mo.App.1987). Such a right of restitution exists even if it is not expressly ordered by the appellate court upon the reversal of the erroneous judgment. *DeMayo,* 228 S.W.2d at 693. When a trial court has issued an erroneous judgment and its process then is used to take property from the appellants and turn it over to the respondents, the power and duty of the trial court to grant restitution is inherent. *Id.* A

motion for restitution is a proper method of obtaining relief in the trial court. *Id.*

Even though our mandate did not expressly order restitution, the defendants had a right of restitution to the benefits which the plaintiffs acquired under the erroneous judgment. *Id.* at 692–93. The appellate court mandate and opinion does not have to specifically direct restitution and the defendants did not have to file an independent action for restitution. Because the trial court has inherent power to grant restitution under the circumstances of this case and because the defendants' motion for restitution was a proper method for obtaining such relief in the trial court, the trial court properly had jurisdiction over this matter. *See id.* at 693; *McDonald v. McDonald,* 795 S.W.2d 626, 628 (Mo.App.1990). Point denied.

■ The plaintiffs' second point presumes the trial court's jurisdiction to grant them a setoff for rent from the real property in Tennessee. In our previous decision, we examined and determined the rights of the parties under Jess Gray's will. We did not specifically address the validity of Verda's will. The trial court found that this claim had not been previously presented or adjudicated and that there was no showing that this setoff directly or indirectly related to the particular property which was subject to the defendants' claim for restitution. Because Verda Gray's will has been admitted to probate in Tennessee, as well as in Missouri and Kansas, the trial court also held that the plaintiffs had an adequate remedy at law in a more appropriate forum.

■ A proceeding for restitution of money lost by an erroneous judgment is one in equity. *Grate,* 725 S.W.2d at 48. A trial court possessing equity jurisdiction has the inherent power to allow or compel a setoff. *Watson v. Harris,* 435 S.W.2d 667, 676 (Mo. 1968). The plaintiffs rely on *Grate* which, in turn, relied on *Watson. Watson* and *Grate* suggest that such a setoff must enhance, increase, or maintain the value of the property being returned, so that the failure to allow the setoff would result in unjust enrichment. While Grate held the property pursuant to the trial court judgment and before reversal by the court of appeals, he paid both taxes

and insurance on the property, and he also paid off a lien against the property. *Grate,* 725 S.W.2d at 47–48. To have returned the property to Richards without compensating Grate for these expenditures would have resulted in Richards' unjust enrichment. In the present case, the rent money from the Tennessee property was not money which the plaintiffs expended to enhance, increase or maintain its value. The trial court's refusal to allow the setoff does not result in unjust enrichment.

The plaintiffs also argue that the rent monies were from the same funds as the defendants' restitution money. Whether the money in the plaintiffs' law firm's trust account is traceable to the rents from the Tennessee property is problematic. Although the plaintiffs make the argument that the money they seek is from the same source, they have not provided a record that supports such a conclusion. The plaintiffs' rent setoff claim is based on Verda Gray's will and the Tennessee property. Our decision in *Chaney v. Gray,* 898 S.W.2d 577, dealt with Jess Gray's will and the Tennessee property was not a material factor in that case.

Moreover, the plaintiffs' position would cause the court to pass on Verda Gray's will and determine whether the plaintiffs are the proper devisees of the property and, accordingly, the proper recipient of the rent money. We decline to pass on the title of the Tennessee real property and, therefore, on whether less than all of the plaintiffs are entitled to rent proceeds as a setoff. It is correctly observed by the plaintiffs that our previous decision "did *not* rule against [Chaney and Soetaerts'] right to take under Verda Gray's will." More to the point, we did not rule that Chaney and Soetaert would take under Verda's will, thereby entitling them to the rent proceeds.

■ However, if for no other reason than the possibility of conflicting rulings and as a matter of comity, the trial court's declination was not an abuse of discretion. The court did not abuse its discretion by leaving the

setoff for decision to be litigated in another, more appropriate forum. There is litigation pending in Kansas, Shelby County, Tennessee, and the Jackson County, Missouri probate court. This decision renders moot the plaintiffs' claim that the trial court erred because it declined to hear evidence on this issue.[4]

■ Next, the plaintiffs argue that the trial court erred in denying their third setoff, maintaining that they had an interest in the property as executory devisees. The trial court denied their third setoff because it was identical to the claims presented in the original lawsuit which had been decided against them. The plaintiffs distinguish this claim from those in the original lawsuit, which were based on their status as remaindermen to a life estate in Verda Gray. They argue that their new status as executory devisees is based on a fee simple determinable *upon death,* which they claim became a newly recognized property interest as a result of our previous opinion. However, the plaintiffs' misinterpret the case decision in suggesting that it established a fee simple determinable upon death. The sole limitation on the estate passed by Jess Gray's will was his wife's remarriage.

■ All matters directly or inferentially decided on the first appeal become the law of the case unless the former ruling was palpably wrong or there has been a substantial change in the facts. *Byrd v. Brown,* 641 S.W.2d 163, 165 (Mo.App.1982). In our prior opinion in this case, we held that, under Jess' will, Verda had a determinable fee simple. Her interest was subject to the limitation that, if she remarried, she then would have to divide the property with her children. The children of Jess and Verda therefore held an interest, which would vest upon the happening of a specified event—Verda's remarriage.

■ We were interpreting a will wherein the Jackson County probate court had identified the devise as a "fee simple" and not as a life estate determinable. The

---

4. Actually, there was a hearing in the trial court but apparently the plaintiffs did not present any evidence of the identity of the fund pool or that the funds under their second setoff and the defendants' restitution claim came from the same pool. They did not request a hearing except in a vague reference in their post decision motion.

trial court incorrectly construed this interest as a life estate, and this was the construction urged by the plaintiffs. Consistent with the law that we accord a decree of the probate court a presumption of correctness as with orders of any other court, *Chaney v. Gray,* 898 S.W.2d 577, and that, if the probate court's construction of a will may be upheld on any possible theory, its decree will control, we construed the fee simple as a defeasible fee and not as a life estate determinable, although Jess' will contained the life estate language "as long as she remains unmarried." *See Buschmeyer v. Eikermann,* 378 S.W.2d 468, 470 (Mo.1964). The probate court order was an approved final settlement and distribution of an estate which was conclusive on the interpretation and meaning of an ambiguous provision in a will. *Baker v. Baker,* 813 S.W.2d 116, 118–19 (Mo.App. 1991). Jess Gray's will does not mention "life estate" or mention or imply "adequate consideration" for any disposition of the property that Verda made. Also, our interpretation was aided by the repeated references in Jess Gray's will which devised to Verda all of his property "to use, possess and dispose of, including the power to mortgage or sell any of said property, ... it being my intention that she have the full power of disposal of all of my said real and personal property, except upon the contingency of remarriage ...." (emphasis added). He repeats his intention in the fourth paragraph: "it being my intention herein to create in my said wife the full power to dispose of all my said property...."

We held that the words and language in Jess' will indicated an intent on the part of the testator to grant his wife an unlimited right of disposition except in the event of her remarriage. This interpretation was consistent with the testator's intention and the final order and settlement of the probate court in 1967, which remained unchallenged for 24 years until the plaintiffs filed their action. The testator did not place any limitations upon his wife's power to dispose of the property except on her remarriage.

Granted, Jess' will contained the life estate language "for so long as she remains unmarried." [5] However, as our Supreme Court observed:

> As we stated in *Shelton v. Shelton,* 348 Mo. 820, 155 S.W.2d 187: "The language of one will is rarely, if ever, like another and frequently a slight difference in the words used calls for different constructions of testamentary provisions similar in other respects.... Therefore decisions construing similar testamentary provisions are of small value as precedents and must be considered with caution...."

*Glidewell v. Glidewell,* 360 Mo. 713, 230 S.W.2d 752, 755 (1950). As we observed in the first case, the parties were represented by counsel when the probate estate was administered. The probate court's determination of a fee simple grant was not appealed.

The interest of the children never vested because Verda never remarried. Further, the language in Jess' will empowers Verda to gratuitously dispose of all of the property except in the sole event of her remarriage.

The implication of our prior decision is that there was no property remaining after Verda exercised her right of disposal, which left no property for the plaintiffs to take, whether as executory devisees or remaindermen. Additionally, our prior decision did not suggest a fee simple determinable upon death, as argued by the plaintiffs. The issues now raised by the plaintiffs were decided in the previous appeal and are now the law of case. The plaintiffs cannot claim an interest in the property by some twist of words or misinterpretation of our opinion. The trial court did not err in denying the plaintiffs' third setoff claim. Point denied.

The plaintiffs' remaining points likewise challenge the prior opinion. The plaintiffs argue that our prior decision is a void judgment because it incorrectly held that the 1976 consent was a waiver of all of their rights in both condemnation awards, rather than in only the second award, and also because it improperly construed Jess' will.

---

**5.** Words such as "so long as" are not only appropriate for the creation of a life estate but also for a fee simple determinable. *Holekamp Lumber*

*Co. v. State Highway Comm'n,* 173 S.W.2d 938, 943 (Mo.1943).

Again, all matters which were directly or inferentially decided on the first appeal become the law of the case. *Byrd*, 641 S.W.2d at 165. The issues the plaintiffs now complain of were decided in the first appeal or were not raised in that appeal and could have been. They are not to be reargued in a second appeal. Point denied.

The judgment of the trial court is affirmed.

LOWENSTEIN and EDWIN H. SMITH, JJ., concur.