**Marjorie Helen CHANEY and Virginia Lee Soetaert, Appellants,**

v.

**Bryan Lee COOPER, Personal Representative of the Estate of Virginia L. Gray, Respondent.**

**No. WD 53281.**

Missouri Court of Appeals, Western District.

Sept. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 1997.

Application to Transfer Denied Nov. 25, 1997.

David G. Watkins, Pershing Road, Kansas City, for Appellants.

Alvin Shapiro, Main St., Kansas City, for Respondent.

HANNA, Judge.

Petitioners, Marjorie Chaney and Virginia Soetaert, filed an action for discovery of assets in the probate estate of Virginia Gray. Brian Cooper is the personal representative of the estate. The trial court sustained the respondent's motion to dismiss. Petitioners appeal.

The present proceeding is an off-shoot of a dispute over the ownership of certain assets, which originated from the condemnation proceeds of a family-owned farm in Missouri. The present petitioners, Marjorie Chaney and Virginia Soetaert, are daughters of Jess and Verda Gray. The respondent, Brian Cooper, is the personal representative of the estate of Virginia L. Gray, and he is also the son of Leslie Paul Gray, a deceased son of Jess and Verda. Leslie Paul was married to Virginia Gray. Verda Gray predeceased her daughter-in-law, Virginia Gray.

Jess Gray died in 1966, and his son, Leslie Paul Gray, was named the executor of the estate. Jess' wife, Verda Gray, died testate on January 1, 1989. Her son, Leslie Paul Gray, again served as the personal representative of the estate. Leslie Paul died testate in July 1991, and his wife, Virginia Gray, served as the personal representative of his estate.

The petitioners charge *inter alia*, that the deceased, Virginia Gray, and that Brian Cooper, in his capacity as the personal representative of Virginia Gray's estate, failed to conclude the administration of Verda Gray's estate, and failed to distribute to petitioners their two-thirds share of monthly and annual rent payments produced from real property located in Memphis, Shelby County, Tennessee. Verda Gray's will devised, *inter alia*, her one-half interest in the Tennessee property to her three surviving children, Leslie Paul Gray, Virginia Soetaert, and Marjorie Chaney, to be shared equally. Petitioners seek to recover the rent proceeds paid into the estate, which they claim to be theirs under Verda's will, with interest accrued since the date of Verda's death. As such, they have filed a peti-

tion for the discovery of assets in the probate court of Jackson County.

The first dispute involving these parties was over the interpretation of the will of Jess Gray, who originally owned the Missouri farm. In December 1991, the two present petitioners, together with the surviving spouses and surviving children of two of Jess and Verda's deceased sons, Vernon Harold Gray and Everett Woodrow Gray, filed suit against Virginia Gray, individually and as the personal representative of Leslie Paul's estate and the children of Leslie Paul and Virginia Gray. The plaintiffs claimed entitlement under Jess Gray's will to Verda Gray's interest in the Shelby County, Tennessee, real estate and approximately $300,000 in various bank accounts held in the joint names of Verda Gray and Leslie Paul Gray.

The trial court awarded plaintiffs $314,000. The defendants appealed without posting bond. While the appeal was pending, the plaintiffs executed on the trial court's judgment in their favor and garnished a total of $212,863.26 from five bank accounts. The money was paid out by the court administrator's office to the plaintiffs' law firm, where it was held in a separate interest-bearing account.

We reversed the trial court's judgment and found that Jess Gray's will granted to his wife, Verda Gray, a determinable fee simple estate. *Chaney v. Gray*, 898 S.W.2d 577 (Mo.App.1995) (*Chaney I* ). Our decision allowed Verda, who died without remarrying, to transfer or dispose of her proceeds by *inter vivos* gift or testamentary disposition. *Id.* at 583.

On remand, the defendants sought return of the $212,863.26 previously garnished from their bank accounts. Among other objections, the plaintiffs asserted three set-off claims against the defendants' claim of restitution. The first set-off claim was for accountant's fees, which the defendants agreed was proper. The second set-off was for rent from the Tennessee property, and the third set-off was for the plaintiffs' claimed interests in the Tennessee property and money in various bank accounts held in the joint names of Verda and Leslie Paul Gray. The trial court denied the second set-off claim, holding

that it arose out of the plaintiffs' capacity as devisees under Verda's will, and that issue had not been decided by the court. The trial court further found that they had an adequate remedy at law in more appropriate forums. The third set-off claim was denied because it was identical to the claims presented in the original lawsuit, which was decided against the plaintiffs in *Chaney I*. We recently affirmed the trial court's decision in the restitution case in *Chaney v. Cooper*, 948 S.W.2d 621 (Mo.App.1997) *(Chaney II).*

In the present lawsuit for discovery of assets, respondent Cooper filed a motion to dismiss, with numerous attachments, arguing that *res judicata* and collateral estoppel barred the petitioners' lawsuit. Additionally, he asserted that petitioners' suit should be barred because the same claims are pending in other jurisdictions, that petitioners are estopped by virtue of the "unclean hands" doctrine and finally, the *in terrorem* clause in Verda's will. The trial court, without citing the basis for its decision, dismissed the plaintiffs' petition with prejudice. The defenses raised do not provide a basis for the trial court's ruling. The petition for discovery of assets should not have been dismissed.

On appeal, the petitioners allege that the defendant's motion to dismiss was actually a motion for summary judgment and, as such, it failed to comply with Supreme Court Rule 74.04. The petitioners also contend that none of the legal defenses cited in the respondent's motion in the circuit court *(res judicata,* collateral estoppel, pending litigation in other jurisdictions, "unclean hands," or the *"in terrorem* " clause in Verda's will) operated to bar their claims.

In the petitioners' first point, they claim that the motion to dismiss should have been considered as a motion for summary judgment because of the presentation of extraneous matters attached to the motion. Continuing, they contend that the motion for summary judgment was defective because the respondent did not state with particularity, in separately numbered paragraphs, each material fact about which there was no genuine issue. Therefore, the motion, as convert-

ed to a motion for summary judgment, failed to technically comply with Rule 74.04(c)(1). *See King General Contractors, Inc. v. Reorganized Church of the Latter Day Saints,* 821 S.W.2d 495, 498 (Mo. banc 1991).

While the motion was titled a motion to dismiss, attached to it were a number of documents which were an integral part of the motion. Motions to dismiss are ordinarily confined to the pleadings and construed in a light favorable to the plaintiff, but when matters outside of the pleadings are considered, and not excluded by the court, the court shall treat the motion to dismiss as one for summary judgment. *See Gardner v. City of Cape Girardeau,* 880 S.W.2d 652, 654 (Mo. App.1994). Because the extraneous documents were relied on by the respondent in his presentation to the trial court, the motion will be treated as one for summary judgment.

The respondent did not designate material facts about which there is no genuine issue. However, the documents all originated from court proceedings. Attached to the motion, in separately numbered paragraphs, were the petitioners' Second Amended Petition to Impose Constructive Trust in *Chaney I,* the circuit court's findings of fact and conclusions of law in *Chaney I,* judgment entries by the Jackson County circuit court, and this court's opinion and mandate in *Chaney I.* Regarding the pending litigation defense, the respondent attached and relied on Helen Chaney's objections to the admission of Verda Gray's will to probate in Tennessee, plaintiffs' objections to respondent's motion for an order of garnishment in the Kansas District court, and the petitioners' appeal to this court in *Chaney II.*

While there is considerable argument between the parties as to the legal effect of these documents and pleadings, there is no dispute as to their authenticity or existence. Also, the *motion and the legal memoranda* filed by both parties, made specific references to the documents which displayed a lack of any dispute as to such facts. Rule 74.04(c)(1). The arguments in the memoranda of both parties went to the legal effect of the documents. Specifically, the petitioners' memorandum filed in opposition does not

contest the documents but rather argues why, as a matter of law, judgment should not be granted with respect to the issues raised by the respondent.

It is apparent that the parties and the court were informed of the issues and the lack of any genuine factual dispute with respect to these documents. The purpose of the rule has been met in that the requirement to apprise the opposing party, the trial court, and the appellate court of the specific basis on which the movant claims he is entitled to summary judgment has been met. The motion substantially complied with Rule 74.04(c)(1).

Our review of the propriety of summary judgment is essentially *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *See id.* Facts in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the motion. *See id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See General Motors Corp. v. City of Kansas City,* 895 S.W.2d 59, 61 (Mo. App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995).

In a Rule 74.04 motion, where the defendant has raised affirmative defenses, a claimant's right to judgment depends just as much on the non-viability of that affirmative defense as it does on the inability of the claimant's claim. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d at 381. Thus, the claimant must establish that there is no genuine dispute as to the material facts upon which the claimant would have the burden of persuasion at trial. *Id.*

The petitioners contend that the trial court erred in granting the motion because the defenses of *res judicata,* collateral estoppel, or splitting a cause of action, do not bar the petitioners' present action. The respondent

maintains that the petitioners are essentially rearguing the issue of ownership of the Tennessee property, which this court decided in *Chaney I.*

■ To determine whether *res judicata,* or claim preclusion, bars relitigating the same cause of action by the same parties or the privies in a particular case, the court must consider: "(1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the parties to the action; and (4) the identity of the quality of the person for or against whom the claim is made." *Curnutt v. Scott Melvin Transport, Inc.,* 903 S.W.2d 184, 191 (Mo.App.1995)(citing *Gardner v. City of Cape Girardeau,* 880 S.W.2d 652, 655 (Mo.App.1994)).

In *Chaney I,* the controversy was over the ownership of certain assets, which included the Tennessee property, originating from the condemnation proceeds of a Missouri farm. The dispute was based on the interpretation of Jess Gray's will, who originally owned the farm. The petitioners were suing for their perceived interest in the Tennessee property, contending that it was devised to them under Jess Gray's will. Our ruling in that case addressed only the petitioners' rights under Jess Gray's will. *Chaney v. Gray,* 898 S.W.2d 577 (Mo.App.1995).

Likewise, in *Chaney II,* we discussed the second set-off claim filed by the petitioners before the trial court on remand of *Chaney I.* We held that the second set-off claim was based upon petitioners' interest in the Tennessee property under Verda's will. The rent income was not adjudicated in the petitioners' capacity as devissees under Verda Gray's will, because it had not been probated. *Chaney v. Cooper,* 948 S.W.2d 621 (Mo.App. 1997).

■ While the ownership of the Tennessee property and the entitlement to a portion of the rent was common to all of the matters before this court as well as the lower courts, the identity of the thing sued for, as well as the identity of the quality of the person for whom the claim is made is different in this case than the prior litigation. The doctrine of *res judicata* does not apply in this case.

■ The fact that these actions arise out of petitioners' interests under different wills, and thus the evidence necessary to sustain their rights to take under the wills is different, also makes the respondent's argument that petitioners have engaged in "claim splitting" erroneous. The test for deciding whether a cause of action is single and cannot be split is whether separate actions brought arise out of the same act, contract or transaction; or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. *Lay v. Lay,* 912 S.W.2d 466, 472 (Mo. banc 1995) (citing *Burke v. Doerflinger,* 663 S.W.2d 405, 407 (Mo.App.1983)). The present lawsuit is a petition for discovery of assets in the estate of Virginia Gray where the petitioners are seeking to recover their interest in the Tennessee property and its income. This claim arises from different acts or circumstances from either of the two previous *Chaney* cases.

■ The doctrine of collateral estoppel does not preclude petitioners' present cause of action. The factors the court considers in determining the propriety of collateral estoppel (issue preclusion) are: (1) whether the issue decided in the prior proceeding is identical to the issue in the present case; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted is the same party or in privity with a party in the prior suit; and (4)whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *State ex rel. Haley v. Groose,* 873 S.W.2d 221, 223 (Mo. banc 1994).

■ In *Chaney II,* one point of error was the failure of the trial court to rule in their favor on the petitioners' second set-off claim. In our opinion, handed down subsequent to the filing of the notice of appeal in this case, we ruled that the court was correct in not allowing the set-off, because in our first decision we "examined and determined the rights of the parties under Jess Gray's will [and][we] did not specifically address the validity of Verda's will." *Chaney,* 948 S.W.2d at 624. We said:

We decline to pass on the title of the Tennessee real property and, therefore, on whether less than all of the plaintiffs are entitled to rent proceeds as a set-off. It is correctly observed by the plaintiffs that our previous decision did not rule against [Chaney and Soetaert's] right to take under Verda Gray's will.' More to the point, we did not rule that Chaney and Soetaert would take under Verda's will, thereby entitling them to the rent proceeds.

*Id.* The doctrine of collateral estoppel only operates as a bar to relitigating those issues that the prior proceeding "necessarily and unambiguously" decided. *State v. Nunley,* 923 S.W.2d 911, 922 (Mo. banc 1996).

 The petitioners next argue that the trial court erred if it based its decision on the respondent's contention that there are pending proceedings in Tennessee, Kansas and Missouri relating to the petitioners' claim for discovery of assets. The pending action or abatement doctrine can be applied "[w]here a claim involves the same subject matter and the parties of the previously filed action so that the same facts and issues are presented. In that situation, resolution should occur through the prior action and the second suit should be dismissed." *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 357 (Mo.App. 1996).

 First, with respect to the Tennessee claim, petitioner Chaney filed an objection with the Tennessee probate court. Respondent contends that the issues that are being presented by the petitioners in their discovery of assets claim are the same and, therefore, the petitioners' action should have been dismissed. Petitioner Chaney filed her objection to prevent the titling of the property in Tennessee until the Missouri courts had decided whether Jess or Verda Gray's will controlled the disposition of the property. The pleadings did not request any assets or property that would be devised to them under Verda's will. Therefore, the issue before the Tennessee probate court is not the same as now is pending before this court. The pending action doctrine does not apply.

The respondent also asserts that the dismissal of this motion should be sustained due to the Kansas litigation. We have carefully reviewed the record and conclude that the parties have not given us sufficient information either in the legal file or their briefs about the Kansas litigation to determine the nature of the litigation and whether it is pending. The sole reference in the record before us is the petitioners' objection to the motion for order to pay back the improperly garnished funds after the reversal in *Chaney I. See Chaney,* 898 S.W.2d at 577. This record is insufficient for us to determine whether this litigation involves the same issues as the discovery of assets claim that the petitioners have filed, although from the scant information available, it appears that the issues are not the same.

Additionally, the pending action or abatement doctrine allows for the dismissal of a claim when "there is another action pending between the same parties for the same cause in *this* state." § 509.290(8), RSMo 1994 (emphasis added). The pending action doctrine under Missouri law has only been applied to intrastate litigation and has not been extended by the Missouri courts to include pending actions in foreign jurisdictions. *See State ex inf. Riederer ex rel. Pershing Square Redevelopment Corp. v. Collins,* 799 S.W.2d 644, 650 (Mo.App.1990)(applying the statute as a defense to a claim because another action is pending in another Missouri court). *See also Cool v. Reed,* 717 S.W.2d 518, 519 (Mo. banc 1986); *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 357 (Mo.App.1996); *State ex rel. Dunger v. Mummert,* 871 S.W.2d 609, 610 (Mo.App.1994); *State ex rel. City of Springfield v. Conley,* 760 S.W.2d 948, 950 (Mo.App. 1988).

 Finally, the respondent contends that the pending action doctrine should be applied to the litigation between these parties which is being conducted within the state of Missouri. The Missouri litigation referred to by the respondent arose out of the decision by this court in *Chaney I.* The trial court entered a decree in favor of the petitioner. While the appeal of this decision was pending, the petitioners garnished proceeds from the defendants' bank accounts and deposited them in their attorney's account. After we reversed, the defendants sought resti-

tution of the proceeds that were garnished from their bank accounts. The petitioners claimed a set-off for rent from the Tennessee property. This set-off claim arose from the contention that the petitioners were entitled to their share of the rent proceeds due to them under the will of Verda Gray. The trial court did not make a determination as to this set-off.

We affirmed the trial court's decision, specifically holding that "[w]e decline to pass on the title of the Tennessee real property and therefore, on whether less than all of the plaintiffs are entitled to rent proceeds as a set-off." Our previous decision "did not rule against [Chaney and Soetaert's] right to take under Verda Gray's will." *Chaney v. Cooper,* 948 S.W.2d 621, 624 (Mo.App.1997). The discovery of assets claim, regarding Verda Gray's estate, has not yet been adjudicated. The pending action doctrine is not applicable to the prior Missouri litigation between these parties.

■ Next, the petitioners contend that the trial court erred if it granted the motion because their petition was barred by the equitable doctrine of "unclean hands." "Equity will not aid a party who comes into court with unclean hands." *Hardesty v. Mr. Cribbin's Old House, Inc.,* 679 S.W.2d 343, 348 (Mo.App.1984). The cause of action by a party who engages in inequitable activity regarding the matter for which that party is seeking relief will be barred by that party's own misconduct. *See Warren v. Warren,* 784 S.W.2d 247, 254 (Mo.App.1989).

■ The "unclean hands" defense refers to the objection filed by petitioner Chaney to the admission of Verda Gray's will in the Tennessee probate court. On April 7, 1992, Virginia Gray filed a "Petition to Probate and Devolution of Title to Real Estate" in Shelby County, Tennessee, asking that the court admit Verda Gray's will as a muniment of title. On April 24, 1992, Marjorie Chaney filed her objection asking that the court not admit Verda's will to probate. Alternatively, petitioner continued, if the court admits the will, she asked that it refrain from entering any order with regard to the real estate

"until such time as the ownership issues relating to such property now pending in Jackson County, Missouri have been resolved by the Circuit Court of Jackson County, Missouri, at Kansas City, Division № 9." The act of filing the objection results in the respondent's assertion of the unclean hands doctrine. He argues that this objection served to block the ancillary probate proceeding in Tennessee, thereby barring petitioners from claiming that the respondent has stalled the determination of title.

Here, the petitioners followed the Tennessee law which provided the procedure for the relief sought. It was a proper legal filing that was made at a time when the petitioners had a legal basis that Verda Gray's will was not the controlling testamentary instrument regarding the Tennessee property. Seeking to protect her rights under Jess Gray's will was neither unlawful, *see Mahaffy v. City of Woodson Terrace,* 609 S.W.2d 233, 238 (Mo. App.1980), nor was it inequitable conduct. *See Clark v. Brown,* 814 S.W.2d 634, 641 (Mo.App.1991). As such, the respondent has no basis to assert the unclean hands doctrine.

■ In their final point, the petitioners complain that the trial court erred if it granted the motion based upon the respondent's argument that the *in terrorem* or "no-contest," of Verda's will prohibits them from taking under her will. Article XIV of Verda's will provides, in pertinent part:

> If any person, heir, legatee, devisee or beneficiary under this will shall *endeavor in any way to contest or attack in any court or before any tribunal, any provision of this instrument or its validity,* such person shall not be entitled to any devise, legacy, inheritance or benefits under this will, which would otherwise be provided to be paid to said person, heir, legatee, devisee or beneficiary....

(Emphasis added). Again, the respondent contends that petitioner Chaney's objection to the probate of Verda's will was an action that falls under the *in terrorem* clause and therefore, prohibits the petitioners from taking under her will.[1]

---

1. Under Missouri law, the right to contest a will does not exist at common law but can only be

In reviewing the applicability of forfeiture provisions or "no-contest" clauses, courts are to consider the facts of the particular case, and those facts are to be considered and applied with "a careful regard for the phrasing or language of the no-contest or forfeiture clause; and, having in mind that forfeitures are not favored by the law. A no-contest or forfeiture provision is to be enforced where it is clear that the trustor (or testator) intended that the conduct in question should forfeit a beneficiary's interest under the indenture (or will)." *Cox v. Fisher,* 322 S.W.2d 910, 915 (Mo.1959). *See also Liggett v. Liggett,* 341 Mo. 213, 108 S.W.2d 129, 134 (1937).

As we have previously noted, the basis for petitioner Chaney's objection was that Jess Gray's will, and not Verda Gray's will, controlled the disposition of the Tennessee property. She did not contest or attack the validity of Verda's will but only questioned the construction of Jess Gray's will as it pertained to the disposition of the Tennessee property. The filing of the objection was not prohibited by the express language of the *in terrorem* clause, as it only pertained to the validity of Verda's will. The respondent's contention is without merit. None of the defenses raised by respondent bar the petition to discover assets lawsuit.

This action is brought pursuant to § 473.340, RSMo 1994. A discovery of assets action is a special statutory proceeding over which the probate division has original and exclusive jurisdiction. *See Brazeal v. Redburn,* 638 S.W.2d 771, 772 (Mo.App.1982). The petitioners claim an interest in property which resides as an asset of Virginia Gray's estate. The purpose of an action to discover assets is to determine title to the property and whether it passes to the heirs of the testator or whether it was improperly paid into the estate. *See Matter of Estate of Mitchell,* 610 S.W.2d 681 (Mo.App.1980). Because this is the third appeal to this court relating to these parties and assets, our remand includes specific directions to the parties.

As mentioned earlier, Verda Gray's will devised her undivided one-half interest in the Tennessee property in equal thirds to her then surviving children, the two petitioners, and Leslie Paul Gray, now deceased. Virginia Gray, as Verda Gray's personal representative, filed Verda's will with the probate court in Shelby County, Tennessee, on April 7, 1992, in order to determine title to the Tennessee property.[2] Marjorie Chaney filed her objection to the admission of Verda's will. The Tennessee court suspended the proceeding. The objection has not been withdrawn and the proceeding remains unresolved.

The devise of real property located in a foreign jurisdiction by a testator must be executed in conformity under the laws of the state where the property lies in order for the title to the real property to formally pass to the devisees. *See Robertson v. Pickrell,* 109 U.S. 608, 3 S.Ct. 407, 27 L.Ed. 1049 (1883). "In most states of the Union, a will of real property must be admitted to probate in some of their courts, before it can be received elsewhere as a conveyance." *Id.* at 610, 3 S.Ct. at 408. It is apparent that before a final decision is made as to the recipient of the rental proceeds from the Tennessee property, title to the real estate must be formally determined.

The probate of a will in one state establishes its right to convey all property within that state as well as establishes the validity of the will in that state. *See Overby v. Gordon,* 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741 (1900). The probate proceeding in

exercised in strict compliance with the provisions of § 473.083, RSMo 1994. See *Kreisel v. Wischmeier,* 813 S.W.2d 346, 348 (Mo.App.1991). The statute is to be strictly construed as the law in Missouri does not favor a forfeiture. *Liggett,* 108 S.W.2d at 134.

**2.** Under Missouri law, upon the death of the testator, title to the real estate vested directly in the devisees. See *Trenton Motor Co. v. Watkins,* 291 S.W.2d 659, 662 (Mo.App.1956); See also *In re Bartels' Estate,* 238 Mo.App. 715, 187 S.W.2d 348, 350 (1945). The personal representative for the estate does not acquire an interest in the real property unless there is an order by the probate court that the property is to be sold for payment of debts and administrative costs of the estate. See *In re Bartels' Estate,* 187 S.W.2d at 350, and § 473.260, RSMo (1992).

that state does not establish the facts or validity of a will in another state in which real property is located "except as permitted by the laws of such other state." *Id.* at 223, 20 S.Ct. at 607.

Under Missouri law, a foreign will shall be admitted to probate in the county in Missouri in which the real property is located. Section 474.380, RSMo.1992 (formerly known as § 540, R.S. (1919)). The Missouri Supreme Court has interpreted this statute to require a foreign will be probated in the county where the real property is located before title to the land can be formally conveyed to the devisees under the will. *See White v. Greenway,* 303 Mo. 691, 263 S.W. 104 (1924) (interpreting § 540, R.S. (1919) which required that a foreign will be probated in the county in Missouri where the real property to be devised was located). *See also Cunningham v. Kinnerk,* 230 Mo.App. 749, 74 S.W.2d 1107 (1934); *Keith v. Johnson,* 97 Mo. 223, 10 S.W. 597, 599 (1889).

Additionally, the Missouri Supreme Court has held that the courts of foreign states are without jurisdiction to confer title over land located within Missouri. *See Keith,* 10 S.W. at 600. The U.S. Constitution requires that judicial proceedings in other states be given full faith and credit in Missouri as they would in the state from which they had been rendered. *Id.* It is universally held that for "a will to be of any validity as a transfer of title to land, [it] must be executed, attested, and probated in the manner prescribed by the law of the state where the land is located." *Id.* at 599. Following this general principal of law, a state does not have to give full faith and credit to the devise of real property as a result of an adjudication of a will by another state. *See id.*

In order to legally pass title to Verda Gray's heirs and devises, the proper jurisdiction to probate and formally title the real property located in Tennessee devised in her will, would be Tennessee courts. It is alleged that the rent proceeds from the Tennessee property have been and are currently being deposited into Virginia Gray's estate and that the petitioners are entitled to a share of these proceeds. They charge that the rent proceeds should not be included in,

nor dispersed as part of her estate. The allegations in the petition state a cause of action for discovery of assets. Their lawsuit is a correct vehicle to discover whether they are entitled to a proportionate share of the rent proceeds.

The dismissal of petitioners' action to discover assets is reversed and the cause is remanded to reinstate the petition. Furthermore, because the basis for petitioner Chaney's objection to the probate of the will in the Tennessee court expired when the mandate in *Chaney I* was handed down, petitioner Marjorie Chaney is directed to forthwith withdraw her objection to the probate proceeding in Tennessee and to take the necessary steps to allow the Tennessee court to proceed in accordance with Verda Gray's will and the laws of Tennessee. Immediately upon the withdrawal of the objection, the respondent is directed to proceed with the muniment of title proceeding, or whatever legal proceeding is appropriate, to formally establish title to the property. The trial court may then conclude the discovery of assets lawsuit and determine whether the petitioners are entitled to a share of the Tennessee property rent proceeds.

ULRICH, C.J., P.J., and EDWIN H. SMITH, J., concur.